Marion Parker DUKE, Appellant,

v.

COMMONWEALTH of Kentucky et al., Appellees.

Court of Appeals of Kentucky.

Feb. 17, 1956.

Marion Parker Duke, pro se.

J. D. Buckman, Jr., Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Marion Parker Duke, is a prisoner in the Eddyville penitentiary under a judgment of the Warren Circuit Court of guilt of voluntary manslaughter with penalty imposed of 21 years imprisonment. The appeal is from an order of the Lyon Circuit Court dismissing his petition seeking a writ of "habeas corpus ad subjiciendum."

The grounds pleaded, briefly summarized, are that the petitioner did not receive a fair and impartial trial because (1) he was denied a change of venue to which he was entitled as the crime of which he was accused was repugnant to the community and was so publicized that the jury could not return a fair verdict; (2) of the admission of incompetent evidence; (3) witnesses for the Commonwealth had perjured themselves; and (4) the evidence did not warrant a conviction. The petition goes into detail concerning the alleged incompetent evidence and contains quotations and citations of legal authorities to support his allegations of error. These might well have been addressed to this court on an appeal from the judgment of conviction but no appeal was filed. It is of interest to note that this appellant had sought a writ of habeas corpus because of the denial of bail after his arrest. See Duke v. Smith, Ky., 253 S.W.2d 242.

■ The writ named in this proceeding is that which is usually referred to simply as "habeas corpus" although technically it is one of several varieties anciently classified. It is a writ by which a superior court undertakes to examine the legality of an imprisonment imposed by an inferior court. 39 C.J.S., Habeas Corpus, § 1.

[2] This court has repeatedly held that the writ should not issue except upon probable cause being shown that a judgment under which one is imprisoned is *void*. The writ cannot be made to take the place of an appeal.

■ There is nothing whatever in the petition to the Lyon Circuit Court that indicates anything more than a claim of errors committed at the trial in the Warren Circuit Court which could have been presented on an appeal from the judgment.

The judgment is affirmed.