David JONES, Petitioner,

v.

Hon. John A. BRESLIN, Judge, Bracken Circuit Court, Respondent.

Court of Appeals of Kentucky.

Dec. 11, 1964.

David Jones, pro se.

John A. Breslin, Jr., Maysville, pro se.

MOREMEN, Judge.

Petitioner David Jones, a prisoner, has petitioned this Court to issue a writ of mandamus ordering the Bracken Circuit Court to prepare and to forward to him a copy of the indictment, a transcript of the evidence taken during the trial which resulted in his being sentenced to the penitentiary, a copy of the instructions and the judgment. Petitioner stated that he intended to file motion to vacate judgment under RCr 11.42, but it is not alleged that such a motion has been filed.

One of the reasons for establishing the post-conviction review procedure under RCr 11.42 was to fix the forum as being the same court under which the original sentence was had because all the available records would be in that court and thus the expense and responsibility of copying and forwarding various transcripts would be obviated. Formerly, when petitions for writs of habeas corpus were customarily used, the forum was the circuit court of the county where the prisoner was confined but, as pointed out in Higbee v. Thomas, Ky., 376 S.W.2d 305, under the new procedure the records and the witnesses are readily available and the state is not obliged to furnish an indigent prisoner a copy of the record.

In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, it was held to be a violation of the 14th Amendment to deprive a person, because of his indigency, of a free transcript of his criminal trial in order to perfect his appeal, but the various transcriptions here requested were not for that purpose. In fact, according to the allegations of this petition for a mandamus, no proceeding of any nature has been filed in the circuit court.

If the petitioner files a sufficient motion under RCr 11.42 his rights will be fully protected and he and his counsel will have all records available.

In this particular case, a response has been filed in which it is stated that copies of all available records have been forwarded to the petitioner. This action, of course, was not required.

The petition is dismissed.