**Ramey ALLEN, Petitioner,**

v.

**Honorable Judge WOLFINBARGER, Lee Circuit Court, Beattyville, Kentucky, Respondent.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

Ramey Allen, pro se.

No attorney for respondent.

STEWART, Judge.

Ramey Allen, a prisoner in the penitentiary at Eddyville, petitions this Court for a writ of mandamus directed at the Honorable James M. Wolfinbarger, Judge of the Lee Circuit Court. He recites that on or about September 25, 1964, he "filed a petition as a pauper in the Lee Circuit Court asking for his trial record of 1945." He indicates he desires this record in order that he "may take an appeal."

Although his petition has not been passed upon in circuit court, he institutes this mandamus action wherein he seeks to have this Court order the trial court to prepare and turn over to him "his trial record of 1945."

Ordinarily, in a proceeding under RCr 11.42, and the pending matter in circuit court seems to be such a proceeding, a prisoner is not entitled to a record before or at the time he makes his initial move under that Rule because the hearing thereon will be had in the circuit court in which he was convicted and the record will be presumed to be in the circuit clerk's office of that court.

Following a conviction, a defendant's only legitimate use for a record of the proceedings in a criminal case is for the purpose of a judicial review. An indigent person's right to a record upon that ground was established in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

However, as petitioner was convicted in 1945, he is in no position to demand a record at public expense, nineteen years later, when his claim to such is based solely upon general statements, namely, that his constitutional or statutory rights have been violated, or that

the trial court lacked jurisdiction to try and determine his case.

In short, petitioner has alleged no ground whatsoever that would entitle him to be supplied with the record out of which his conviction grew.

Wherefore, mandamus is denied.