**Orville MOORE, Petitioner,**

v.

**Hon. Frank A. ROPKE, Judge, Jefferson Circuit Court, Louisville, Kentucky, Respondent.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

Orville Moore, pro se.

CLAY, Commissioner.

This is an original proceeding in which the petitioner requests this Court to order the circuit court to furnish him the "complete court records" relating to his conviction on an armed robbery charge in 1952.

We could dispose of this petition on the ground it is premature, since the response of the respondent asserts that a similar petition in the circuit court has been passed for hearing to December 21, 1964. However, we will go one step further and observe that neither the petition in the circuit court (a copy of which has been filed here) nor the petition in this Court states any semblance of a ground which would justify furnishing petitioner, as an indigent person, with any court records.

The petition in the circuit court recites as the only basis for petitioner's request: "Petitioner states he needs aforesaid records because he purports to make a direct attack upon the Judgment of his Conviction and needs the records to enable him to prepare an intelligent motion or petition in his own behalf."

In other words, petitioner is on a fishing expedition and hopes to find something that may possibly lay the groundwork upon which to initiate further court proceedings. This is a sort of game which is beginning to try the patience of this Court.

Only for the purpose of taking a timely appeal, in the proper case, may an indigent person be entitled to have furnished to him a transcript of the record of his conviction. Moy v. Bradley, Ky., 306 S.W.2d 296; Oakes v. Gentry, Ky., 380 S.W.2d 237; Allen v. Wolfinbarger, Ky., 385 S.W.2d 160 (this day decided). Petitioner's ulterior objective is completely foreign to this purpose.

The order of mandamus is denied.