John Raymond BAUER, Petitioner,

v.

Honorable J. Miles POUND, Judge, etc.,
Respondent.

Court of Appeals of Kentucky.

Dec. 18, 1964.

John Raymond Bauer, pro se.

Carl C. Ousley, Jr., Asst. Commonwealth's Atty., Louisville, for appellee.

MONTGOMERY, Judge.

John Raymond Bauer, a prisoner in the Kentucky State Reformatory, has filed a petition in this Court against Honorable J. Miles Pound, Judge, Jefferson Circuit Court, in which it is asked that Judge Pound be required to direct the Clerk and an official reporter of the Jefferson Circuit Court "to furnish this petitioner without cost; (1) copy of indictments (2) copy of instructions to jurors (3) copy of judgments (4) copy of transcript of trial, to-wit; the records of the acts of the Court, the transcript of the testimony taken therein and the transcript of evedence (sic) used therein * * *."

Petitioner was convicted in 1961 on three charges: two of armed robbery and one of willful murder. He received a life sentence in each case. These convictions were affirmed. Bauer v. Commonwealth, Ky., 364 S.W.2d 655.

Now, petitioner claims that "* * * reasonable questions have arisen concerning the legality of the trial and the procedure therein, which were not tested on the original appeal." The nature of these "questions" is not disclosed. Petitioner wants the records indicated above "to substantiate the allegations he must make in the legal redress he seeks." In other words, he wants to indulge in a "fishing expedition" at the expense in time, talent, and cost of the Judge, Clerk, and reporter. No proper basis is asserted and no legal authority is cited.

In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, followed in Jones v. Breslin, Ky., 385 S.W.2d 71 (decided December 11, 1964), it was held that an indigent defendant was entitled to a free transcript of his criminal trial to perfect his appeal. The only legiti-

mate use for a record of the proceedings in a criminal case is for the purpose of a judicial review. Oakes v. Gentry, Ky., 380 S.W.2d 237; Allen v. Wolfinbarger, Ky., 385 S.W.2d 160 (decided December 18, 1964).

The preparation of such records entails considerable expenditure of time and effort and usually some financial expense on the part of the officials required to furnish such records. The flood of baseless and meritless proceedings filed by indigent prisoners has reached alarming proportions. In the August 18, 1964 Advance Sheets, Southwestern Reporter, Second Series, 380 S.W.2d 201–792, there are six reported opinions of this Court dealing with such cases, many of which if filed by any other litigant would have been considered frivolous and would have received short shrift. The consideration devoted to such cases in the trial and appellate courts could better be devoted to consideration of more meritorious litigation. This is especially true where dockets are crowded.

Here, petitioner has had his case considered on appeal where he was represented by two able attorneys. No petition for rehearing was filed, which indicates that no question remained to be presented. While the preparation by indigent prisoners of proceedings of the type here considered may be deemed to have certain therapeutic and rehabilitative benefits to a prisoner, such benefits are accomplished at the expense of the courts, court personnel, litigants, and attorneys who have to prepare such records, counsel such prisoners, and consider such cases. Additionally, an action such as this constitutes an embarrassing harassment to a trial judge to which he should not be subjected. Bell v. Gentry, Ky., 380 S.W.2d 259, is typical. The supposed benefits are not justified.

In the Oakes case the requirements to obtain a record were prescribed. Hence, such requests for records should be strictly limited to cases in which an appeal is then being sought or is pending. Before invoking an extraordinary remedy afforded by this Court, the petitioner must show a basis for holding that the judgment under attack in a post-conviction procedure is void. Hobbs v. Stivers, Ky., 385 S.W.2d 76 (decided December 11, 1964). Otherwise, the proceeding should be dismissed summarily, and in this Court such action should follow upon order without a written opinion.

Mandamus is denied.