Clyde W. COLES, Appellant,

v.

COMMONWEALTH of Kentucky et al.,
Appellees.

Court of Appeals of Kentucky.

Jan. 29, 1965.

Clyde W. Coles, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellees.

PALMORE, Judge.

On April 14, 1959, the appellant, Clyde W. Coles, was tried and convicted in the Jefferson Circuit Court on a charge of armed robbery, pursuant to which he is now serving a life sentence. He appeals from an order overruling his motion to vacate the judgment on the ground that he was denied the effective assistance of counsel in violation of his constitutional rights, RCr 11.42, in that counsel appointed for him on the day of the trial was denied a continuance necessary to prepare his defense. See Raisor v. Commonwealth, Ky., 278 S.W.2d 635 (1955).

He prosecutes this appeal pro se and in forma pauperis. His motion to vacate did not state specifically that he was financially unable to employ counsel in this proceeding, but it did say that the reason for his failure to appeal the conviction in 1959 was that he was "an impoverished person, without the ability to prepare his own appeal."

RCr 11.42 provides in substance that if there is a material issue of fact requiring a hearing and "if the movant is without counsel of record and is financially unable to

employ counsel" the court shall appoint counsel to represent him in the proceeding. Effective January 1, 1965, the rule has been amended to make it clear that his right to the assistance of appointed counsel extends to an appeal to this court.

The record does not indicate any appointment of counsel to assist appellant on this proceeding. The attorney appointed to defend him on April 14, 1959, the day his trial was held, was present at the hearing on the motion to vacate but apparently in the capacity of a witness rather than counsel. Though rebutted by other witnesses, his testimony tended to corroborate the allegations of the motion. The trial court failed to make findings of fact resolving the issue as required by RCr 11.42. Following the hearing the motion was simply overruled.

■ The purpose of RCr 11.42 is to provide a method by which a prisoner's claim of constitutional infringement can be effectively settled in one proceeding for all time. In order for this to be possible, that is, in order for the resolution of the factual basis of the claim to be accepted in the federal courts as final and conclusive, it is necessary that the movant be given a full and fair opportunity to litigate the claim. No matter how unfounded it may be, and even though the court knows it is not true, if on its face the claim states a valid basis for relief the bare essentials of such an opportunity are: (1) effective assistance of counsel, (2) a hearing, (3) a determination of the material facts, followed by a judgment based on that determination, (4) a transcript of the record (including the hearing) in the event he appeals, and (5) an appeal. The situation is not of our choosing, but is thrust on us by the new look in federal constitutional rights. The alternative is a plethora of new trials in old cases, starting from scratch.

■■ If a prisoner who files a pro se motion under RCr 11.42 is financially unable to employ counsel, he should say so in the motion. Otherwise the court cannot know whether to appoint an attorney to assist him preparatory to a hearing on the merits. Even so, however, when the prisoner, having been granted a hearing, appears without counsel we think it is incumbent on the trial court to conduct such preliminary hearing as may be necessary to ascertain whether he is able to secure an attorney and to make a finding of fact determining the question. That was not done in this instance. The circumstances of the case suggest a distinct probability that this appellant was in fact a pauper at the time of the hearing, and if so he was entitled to the appointment and assistance of counsel. It is therefore necessary that the cause be remanded for re-hearing under the terms herein set forth.

The judgment is reversed for further proceedings consistent with this opinion.