**Marion Parker DUKE, Petitioner-Appellant,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent-Appellee.**

**No. 17528.**

United States Court of Appeals
Sixth Circuit.

Dec. 11, 1967.

William K. Engeman, Cincinnati, Ohio, for appellant.

John B. Browning, Asst. Atty. Gen., Frankfort, Ky., for appellee, Robert Matthews, Atty. Gen., Frankfort, Ky., on brief.

Before O'SULLIVAN, PHILLIPS and CELEBREZZE, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a habeas corpus case filed by appellant, who is imprisoned in the State penitentiary at Eddyville, Kentucky, under a twenty-one year sentence for voluntary manslaughter rendered on January 22, 1954. The constitutional deprivation claimed on this appeal is that after his conviction in the State Circuit Court, appellant as an indigent was denied leave to appeal to the Court of Appeals of Kentucky in forma pauperis and was refused a transcript at State expense, in violation of Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

The District Court dismissed the application for habeas corpus on the ground that appellant has failed to exhaust his State remedies. We reverse and remand for an evidentiary hearing.

It appears that at the time of appellant's conviction, it was discretionary with the trial judge under Kentucky law to grant the right to appeal in forma pauperis and to furnish a free transcript. Appellant avers that he was an indigent

at the time of his trial and conviction; that he applied to the State Circuit Court for an appeal in forma pauperis; that the State Circuit Judge denied him a direct appeal in forma pauperis from his conviction;[1] and that the Court of Appeals of Kentucky in an unpublished order entered April 14, 1954, affirmed the decision of the trial court refusing permission to appeal in forma pauperis.[2]

We cannot agree with the conclusion of the District Court that appellant has failed to exhaust his State remedies. Not only was he denied the right to appeal in forma pauperis to the State Court of Appeals prior to Griffin v. People of State of Illinois; thereafter he has been denied relief by the State courts in a number of other actions: Duke v. Thomas, 371 S.W.2d 639 (Ky.), cert. denied, 376 U.S. 921, 84 S.Ct. 683, 11 L.Ed.2d 618, affirming a trial court judgment dismissing a petition for habeas corpus;[3] Duke v. Commonwealth, 305 S.W.2d 527 (Ky.),[4] Duke v. Commonwealth, 287 S.W.2d 423 (Ky.).[5]

In addition to his other efforts to seek review in Kentucky courts, appellant filed an action for post conviction relief under Rule 11.42 of the Kentucky Rules of Criminal Procedure. He was denied relief in the State trial court and did not perfect an appeal to the State Court of Appeals. Failure to appeal this decision to the State Court of Appeals is the basis of the decision of the District Court in this case. This apparently also was the basis of the decision in four out of five former habeas corpus cases filed by appellant in the District Court, all of

1. The brief of the Commonwealth states that this hearing was conducted on appellant's application and several counter-affidavits to the effect that appellant was not a pauper.

2. This decision of the Court of Appeals was announced prior to the decision in Griffin v. People of State of Illinois, supra, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Since announcement of the Supreme Court decision on April 23, 1956, the State Court of Appeals has applied Griffin v. People of State of Illinois in Jones v. Breslin, 385 S.W.2d 71 (Ky.), Bauer v. Pound, 385 S.W.2d 167 (Ky.), and Davenport v. Winn, 385 S.W.2d 185 (Ky.).

3. In this case the State Court of Appeals said: "[W]e take notice that he states he was denied a transcript of the testimony taken at his trial in the Warren Circuit Court." 371 S.W.2d at 640.

4. In this case the State Court of Appeals said:

 "In March, 1957, Duke filed a petition for a writ of coram nobis and for a new trial of his original case in order that 'he may have the opportunity to enjoy the right and privilege to the records as a pauper if convicted, the right and privilege to appeal his case and the right and privilege to both due process of law and equal protection of the law,' etc. Of course that motion was overruled, for it was devoid of merit. The court adjudged the petitioner was not entitled to proceed or appeal as a poor person.

 Carbon copies of the several pleadings have been filed in this court with what seems to be intended as a motion for a rule requiring the circuit court officials to furnish the petitioner without charge certified copies of the record in all the previous cases and proceedings.

 "There is an absence of evidence of financial poverty or any showing that the circuit court's judgment in that respect is erroneous. The petitioner and his prison adviser are hopelessly confused in their ideas of judicial procedure and processes and of his right of legal relief. We are convinced from a patient consideration of the unintelligible record that there is no merit whatever in the present proceeding or appeal. The appellant has not been denied any legal right in any way or in any degree. The character of his crime is stated in Duke v. Smith, Ky., 253 S.W.2d 242. *It would appear that all grounds for relief from the judgment of conviction have been exhausted.*" (Emphasis supplied.) 305 S.W.2d at 527–528.

5. The decision of the trial court denying appellant's application for writ of habeas corpus was affirmed on the ground that it raised no issues other than claims of errors which could have been presented on direct appeal. This decision like the decision in the coram nobis proceeding referred to in footnote 4, was announced subsequent to the opinion of the Supreme Court in Griffin v. People of State of Illinois.

which were dismissed without evidentiary hearings for failure to exhaust State remedies.

 We conclude that the District Court erred in holding that appellant has failed to exhaust his State remedies. Once an issue of asserted constitutional violation has been presented to the State's highest court, the doctrine of exhaustion of remedies does not require future repetitive presentations to such court by additional attempts through a variety of successive motions. Coleman v. Maxwell, 351 F.2d 285 (6th Cir.).

It is our opinion that the complaint in his present case presents factual issues requiring an evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770.

We therefore reverse and remand for an evidentiary hearing on the issue of whether appellant was an indigent at the time of his conviction in 1954 and whether the denial of his efforts to appeal in forma pauperis and to obtain a free transcript deprived him of constitutional rights under Griffin v. People of State of Illinois.

For the guidance of the District Court on remand, we point out that appellant does not complain of deprivation of any constitutional right in the original trial of his case in the State Court. The only basis for his application for writ of habeas corpus is that he was deprived of his right of appeal to the Kentucky Court of Appeals. If upon remand, the District Court should conclude that failure to grant appellant an appeal in forma pauperis from his original conviction and to furnish him a free transcript violated his constitutional rights under Griffin v. People of State of Illinois, it would appear sufficient for the District Court to grant the writ of habeas corpus unless the Kentucky Court of Appeals, upon appellant's application within a reasonable period of time, declines to grant him a delayed appeal from his original conviction, a remedy which that Court seems to have allowed in other appropriate cases. Hammershoy v. Commonwealth, 398 S.W.2d 883 (Ky.); Davenport v.

Winn, 385 S.W.2d 185 (Ky.). Only in the event the State Court of Appeals should deny an application by appellant for a delayed appeal would the District Court be required to grant the writ conditioned upon failure of the Commonwealth of Kentucky within a reasonable time to initiate proceedings to try appellant again for the offense for which he formerly was convicted.

The Court expresses its appreciation to Mr. William K. Engeman of the Cincinnati bar for his services as court-appointed attorney for appellant.

Reversed and remanded for further proceedings not inconsistent with this opinion.