**Leonard E. GILLIAM, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

June 15, 1983.

Jack E. Farley, Public Advocate, Frankfort, for movant; Jim M. Alexander, Lexington, of counsel.

Steven L. Beshear, Atty. Gen., Eileen Walsh, Asst. Atty. Gen., Frankfort, for respondent.

LEIBSON, Justice.

On June 10, 1981, in Fayette Circuit Court, after a jury had been impanelled to hear his case, Leonard E. Gilliam withdrew his former plea of "not guilty" and pled "guilty" to first-degree robbery and being a persistent felony offender. The persistent felony offender charge was amended from first to second degree at the time the guilty plea was taken.

On July 2, 1981, judgment was entered sentencing Gilliam to twenty-five (25) years imprisonment. He did not appeal this conviction. However, on August 20, 1981, shortly after commitment to serve his sentence, with nothing else pending he filed a pleading *pro se* designated "Motion to Ob-

tain Court Records With Leave to File in Forma Pauperis."

In this motion, as later supplemented by appointed counsel, Gilliam sought a transcript of his trial and guilty plea in order to prepare a motion for post-judgment relief. He stated that he is "in need of said transcript and any other evidence not now of record, in order to file a truthful, factual, proper motion, which would not contain frivolous and unsubstantiated claims. . . ."

The trial court denied the motion. Gilliam appealed. The Court of Appeals dismissed the appeal. We accepted discretionary review.

The questions before this Court are two: (1) Is the order denying a transcript of evidence an appealable order? (2) If so, did the trial court err in denying the motion?

Gilliam has taken no appeal from the judgment of conviction. The purpose of the motion is to enable counsel to search the record for points subject to collateral attack under RCr 11.42, although no 11.42 motion had yet been filed. In essence, this is an independent action to obtain a record *preparatory* to filing an RCr 11.42 motion.

As such, *all* of the relief sought in the proceedings which have now been appealed has been denied. CR 54.01 states "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." Although movant is considering the possibility of a subsequent proceeding, the trial court's judgment is complete as to the proceedings before it. The order denying the motion disposed of all the claims before the court. It was an appealable order. Clay, Ky.Prac., 3rd Ed., Civil Rule 54.01.

Having decided to consider this case for what it is, a claim against the Commonwealth for a free transcript, we turn now to the merits.

Movant states his purpose in seeking the transcript is "to file a truthful, factual, proper (RCr 11.42) motion, which would not contain frivolous and unsubstantiated

claims." But the question before us is not whether his purpose is meritorious, or his motives genuine, but whether there is a legal basis for his claim. That basis must be either statutory or constitutional.

The purpose of RCr 11.42 is to give post-conviction relief to a prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who believes he has grounds for collateral attack on the judgment. It is for this reason that the rule provides in pertinent part:

"The motion shall be signed and verified by the movant and shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds....

The motions shall state all grounds for holding the sentence invalid of which the movant has knowledge."

■ Thus the stated purpose of the rule is to provide a forum for known grievances, not to provide an opportunity to research for grievances.

■ *Commonwealth v. Ivey,* Ky., 599 S.W.2d 456 (1980), defines the right to appointment of counsel in post-conviction RCr 11.42 proceedings. But neither the purpose of RCr 11.42 nor the scope of its relief was expanded by *Ivey.* The holding in *Ivey* simply provides the movant with legal assistance in preparing and presenting grievances. It does not provide a mechanism to search for unknown grievances. *Ivey* does not preclude a subsequent motion for RCr 11.42 relief upon a ground which was not known, or reasonably discoverable at the time the first motion was made.

In *Moore v. Ropke,* Ky., 385 S.W.2d 161 (1964), this question was fully explored. *Moore* was "an original proceeding in which the petitioner request(ed) this Court to order the Circuit Court to furnish him the 'complete court records' relating to his conviction on an armed robbery charge" some years earlier. His purpose was synonymous with the purpose of the motion before us:

"Petitioner (Moore) states he needs aforesaid records because he purports to make a direct (collateral) attack upon the Judgment of his Conviction and needs the records to enable him to prepare an intelligent motion or petition in his behalf." 385 S.W.2d at 161.

The opinion states:

"(P)etitioner is on a fishing expedition and hopes to find something that may possibly lay the groundwork upon which to initiate further court proceedings.... "Only for the purpose of taking a timely appeal, in the proper case, may an indigent person be entitled to have furnished to him a transcript of the record of his conviction (citations omitted). Petitioner's ulterior objective is completely foreign to this purpose." *Id.*

Gilliam bases his claim for a transcript on his constitutional right to "the equal protection of the laws." In *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) the United States Supreme Court held that the equal protection clause requires that indigent defendants must be provided "with the basic tools of an adequate defense or appeal, when those tools are available for a price" to others. This rule regarding "appeal" has been expanded in limited circumstances to post-conviction relief, both by federal and state statutes and by constitutional interpretation.

The outer limits of that expansion is set forth in such cases as *Coles v. Commonwealth,* Ky., 386 S.W.2d 465 (1965) and *Jones v. Breslin,* Ky., 385 S.W.2d 71 (1964). In *Coles* we held the prisoner entitled to a free transcript where he has filed a motion for post-conviction relief that sets out grounds which on their face establish a valid basis on which relief can be granted. A transcript is required in such circumstances in order to give the prisoner a full and fair opportunity to litigate his claim. But in *Jones,* we denied a petition for mandamus against the circuit judge to compel him to furnish a trial transcript to a prisoner for use in preparing an RCr 11.42 motion. We held *Griffin v. Illinois, supra,* not applicable to a case where "no proceeding of any nature has been filed in the Circuit Court." In *Jones* we state:

"If the petitioner files a sufficient motion under RCr 11.42 his rights will be fully protected and he and his counsel will have all records available." 385 S.W.2d at 72.

*Jones* states that absent "a sufficient motion under RCr 11.42" the court was not required to furnish records already "available." *A fortiori* the court is not required to order a transcript of evidence prepared at state expense.

 In *United States v. MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976), the United States Supreme Court considered the claim of an indigent federal prisoner to a free trial transcript to aid him in preparing a petition for a collateral attack on the judgment. The Court held that the decision of the lower court that an indigent prisoner should be furnished a free transcript as long as the federal statute did not "prohibit" furnishing one was a "novel approach to statutory construction." The Court held that the rule is to the contrary, that the expenditure of public funds is proper only when authorized by legislation or when required by constitutional interpretation, rather than when not prohibited by legislation. In denying the right of a free transcript the Court states, at p. 325, 96 S.Ct. at p. 2091:

"We think that the formula devised by Congress satisfies the equal protection component of the Fifth Amendment. Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a delayed duplicate of a right of appeal with attendant free transcript which it offered in the first instance, even though a criminal defendant of means might well decide to purchase such a transcript in pursuit of relief under § 2255. The basic question is one of adequacy of respondent's access to procedures for review of his conviction . . . and it must be decided in the light of avenues which respondent chose not to

follow as well as those which he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issues presented."

The 28 U.S.C. § 2255 procedure referred to is the federal equivalent of our RCr 11.42.

The decision of the Supreme Court in *MacCollom* is decisive of the issues before this Court in the present case.

The final order of the trial court overruling the motion for a transcript and the order of the Court of Appeals dismissing the appeal are both affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON, STEPHENSON and VANCE, JJ., concur.