Ronnie Lee BOWLING, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 97–SC–1078–MR.

Supreme Court of Kentucky.

Feb. 19, 1998.

Rehearing Denied May 21, 1998.

Stefanie M. McArdle, Appellate Public Advocate, Frankfort, for Appellant.

A.B. Chandler, III, Attorney General, Connie Vance Malone, Assistant Attorney General, David A. Smith, Assistant Attorney General, Susan Roncarti, Assistant Attorney General, Frankfort, for Appellee.

COOPER, Justice.

Appellant Ronnie Lee Bowling was convicted in the Laurel Circuit Court of two counts of murder, two counts of first-degree robbery, and two counts of first-degree bur-

glary. He was sentenced to death for the murder convictions and to twenty years in prison for each of the robbery and burglary convictions. His convictions and sentences were affirmed by this Court on April 24, 1997, and his petition for a rehearing was denied on June 19, 1997. *R. Bowling v. Commonwealth*, Ky., 942 S.W.2d 293 (1997). His petition for a writ of certiorari was denied by the United States Supreme Court on November 18, 1997. *R. Bowling v. Kentucky*, —— U.S. ——, 118 S.Ct. 451, 139 L.Ed.2d 387 (1997). On November 21, 1997, the Governor of Kentucky signed Executive Order 97–1527 setting Appellant's execution for December 23, 1997. On December 1, 1997, Appellant filed three motions in the Laurel Circuit Court: (1) a motion for a stay of execution; (2) a motion to lift an order prohibiting him from contacting members of the jury that convicted him; and (3) a motion for funding to conduct an investigation in support of a proposed motion to vacate pursuant to RCr 11.42. See KRS 31.110. *HE DID NOT AND HAS YET TO FILE AN RCR 11.42 MOTION.* On December 15, 1997, the circuit judge denied all three motions because of lack of jurisdiction. On December 18, 1997, pursuant to CR 76.33, a temporary stay of execution was entered by this Court pending the outcome of this appeal.

■■■ The trial judge correctly concluded that the Laurel Circuit Court had no jurisdiction to entertain Appellant's motions. That court lost jurisdiction over Appellant's case ten days after entry of the final judgment. *Silverburg v. Commonwealth*, Ky., 587 S.W.2d 241, 244 (1979). It could be reinvested with jurisdiction only upon the filing of a proper motion under RCr 11.42 or CR 60.02, or a petition for a writ of habeas corpus under KRS 439.020, *et seq. T. Bowling v. Commonwealth*, Ky., 926 S.W.2d 667, 669–70 (1996); *Jones v. Breslin*, Ky., 385 S.W.2d 71 (1964). In fact, in *T. Bowling v. Commonwealth, supra*, we held that a "pre-RCr 11.42 motion" was a legal nonentity. *Id.* at 669. A defendant may choose not to file for post-judgment relief from his conviction and sentence. Until and unless he does so, he is not entitled to funds for investigations or "fishing expeditions." *Gilliam v. Commonwealth*, Ky., 652 S.W.2d 856 (1983); *Moore v. Ropke*,

Ky., 385 S.W.2d 161 (1964). Nor, as was specifically held in *T. Bowling v. Commonwealth, supra*, at 669–70, is he entitled to a stay of execution of his death sentence.

Appellant asserts that the enactment of the federal Anti–Terrorism and Effective Death Penalty Act (A.E.D.P.A.), effective April 24, 1996, somehow affects the right vested in the Governor of Kentucky by KRS 431.218 to set an execution date in a death penalty case. The A.E.D.P.A. includes an amendment to 28 U.S.C. § 2244, which requires that a· petition for a federal writ of habeas corpus be filed no later than one year after the petitioner is placed in custody pursuant to a state court judgment made final either by a failure to appeal or by the conclusion of direct review. *Id.*, § 2244(d)(1)(A). The provision then recites:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*, § 2244(d)(2).

■■■ Appellant interprets this provision as creating a one year grace period in which to file for post-conviction relief, during which time the Governor is precluded from setting an execution date. That interpretation directly contradicts one of the stated purposes of the A.E.D.P.A., *i.e.*, "to address the acute problems of unnecessary delay and abuse in capital cases." H.R.Conf. Rep.No. 518, 104th Cong., 2nd Sess. 4 (1996). In fact, 18 U.S.C. § 2244(d) is a statute of limitations applicable only to the filing of a petition for a writ of habeas corpus in federal district court. It does not purport to affect state actions in any respect. The purpose of a statute of limitations is not to confer a right, but to restrict the period within which the right, otherwise unlimited, can be asserted. 54 C.J.S. *Limitations of Actions*, § 3 (1987); *see also Unemployment Comp. Comm. of Ky. v. Consolidation Coal Co.*, 287 Ky. 330, 152 S.W.2d 971, 976 (1941). The amendments to 28 U.S.C. § 2244 serve the same function as the three year period of limitation set forth in RCr 11.42(10). We held in *T. Bowling v. Com-*

*monwealth, supra,* at 669 that RCr 11.42(10) does not affect the Governor's right to exercise the authority vested in him by KRS 431.218. We hold now that 28 U.S.C. § 2244(d) affects neither the time for filing a motion under RCr 11.42 nor the Governor's authority under KRS 431.218.

Appellant's argument with respect to the need for additional time to prepare and file a proper RCr 11.42 motion is repetitious of the identical argument addressed and rejected in *T. Bowling v. Commonwealth, supra,* at 670. We decline Appellant's invitation to revisit this issue.

Accordingly, the order of the Laurel Circuit Court entered on December 15, 1997 is AFFIRMED and the stay of execution entered by this Court on December 18, 1997 is VACATED.

All concur.