RENDERED:  SEPTEMBER 18, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-001637-MR

LESTER KEITH HURT                                                  APPELLANT

v.              APPEAL FROM PERRY CIRCUIT COURT
                HONORABLE ALISON C. WELLS, JUDGE
                ACTION NO. 10-CR-00240-001

COMMONWEALTH OF KENTUCKY                                  APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  CALDWELL, DIXON, AND L. THOMPSON, JUDGES.

CALDWELL, JUDGE:  Lester Keith Hurt (Hurt) appeals the Perry Circuit Court's denial of his petition for relief pursuant to RCr[1] 11.42.  Finding that the Perry Circuit Court was, and consequently this Court is, without jurisdiction to consider the pleading filed, we dismiss this appeal.

---

[1] Kentucky Rules of Criminal Procedure.

# FACTS

Hurt was found guilty of wanton murder and three counts of wanton endangerment in the first degree, criminal mischief, and assault in the fourth degree and was sentenced to life imprisonment in 2011. His conviction was affirmed by the Kentucky Supreme Court on direct appeal in 2013 and became final on October 17, 2013.

Hurt mailed to the Perry Circuit Court a pleading entitled "Memorandum of Law in Support of Movant's Motion to Vacate Judgment of Conviction Pursuant to RCr 11.42" which was filed by the clerk on June 15, 2018. The allegations put forth in that pleading are not relevant to our actions here. We would note, however, that there was no "Motion" in the record which this memorandum could have been meant to support.[2]

RCr 11.42 states, in part:

> (1) A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by *motion* in the court that imposed the sentence to vacate, set aside or correct it.
>
> (2) The motion shall be signed and *verified* by the movant and shall state specifically the grounds on which

---

[2] "[W]e have consistently and repeatedly held that it is an appellant's responsibility to ensure that the record contains all of the materials necessary for an appellate court to rule upon all the issues raised." *Clark v. Commonwealth*, 223 S.W.3d 90, 102 (Ky. 2007).

the sentence is being challenged and the facts on which the movant relies in support of such grounds. *Failure to comply with this section shall warrant a summary dismissal of the motion.*

(Emphasis added.)

## ANALYSIS

A trial court loses jurisdiction ten (10) days after the entry of a judgment or order. *Bowling v. Commonwealth*, 964 S.W.2d 803, 804 (Ky. 1998).[3] If Hurt had followed the dictates of RCr 11.42 and filed a verified pleading, jurisdiction could have been reinvested in the Perry Circuit Court. However, he failed to do so. No motion pursuant to RCr 11.42 whatsoever filed by him appears in the record as certified. Such failure to file a verified motion could be forgiven, due to his *pro se* status at that time, had he verified the "Memorandum" he filed, also *pro se*.[4] However, the memorandum was likewise unverified. As there was a lack of conformity with RCr 11.42, the Perry Circuit Court did not have jurisdiction to consider the pleading.

> The motion for relief must be in writing, verified by the movant, and state specifically the grounds of challenge and the facts in support thereof. In the instant case, there being no written motion, there could be no compliance

---

[3] "[The trial] court lost jurisdiction over Appellant's case ten days after entry of the final judgment. *Silverburg v. Commonwealth*, Ky., 587 S.W.2d 241, 244 (1979). It could be reinvested with jurisdiction only upon the filing of a proper motion under RCr 11.42 or CR 60.02. . ." *Bowling*, 964 S.W.2d at 804.

[4] *Watkins v. Fannin*, 278 S.W.3d 637, 643 (Ky. App. 2009).

> with the provisions of RCr 11.42, not even a substantial compliance. It is jurisdictional that the terms and provisions of RCr 11.42 must be complied with, even though a substantial, and not an absolute, compliance is adequate.

*Cleaver v. Commonwealth*, 569 S.W.2d 166, 169 (Ky. 1978).

Further, because we find that the Perry Circuit Court had no jurisdiction to enter the order denying any relief Hurt was attempting to secure, we are likewise without jurisdiction to review that order. "As the trial court did not have jurisdiction to adjudicate Appellant's motion, this Court is similarly without jurisdiction to hear any appeal therefrom." *Bush v. Commonwealth*, 236 S.W.3d 621, 623 (Ky. App. 2007).

Hurt suggests on reply that because the Commonwealth did not raise the question of verification in the circuit court, the issue has been waived. What Hurt fails to appreciate is that the Commonwealth never answered his memorandum in any way; the Commonwealth filed no responsive pleading. The only hearing held on this matter, according to the circuit court's order, concerned the timing of Hurt's receipt of his trial counsel's file. Yet again, the record does not contain this hearing. Still, it is the Appellant's responsibility to provide the appellate court with a complete record which supports its contentions; we cannot assume that the Commonwealth did not address the lack of verification as Hurt argues without support.

-4-

It would be inappropriate for this Court to address the merits of Hurt's allegations as we have determined that we lack jurisdiction to rule. Accordingly, Appellant's appeal is hereby dismissed.

ALL CONCUR.

ENTERED: __Sept. 18, 2020___  _____
                                              JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:            BRIEF FOR APPELLEE:

J. Ryan Chailland                        Daniel Cameron
Frankfort, Kentucky                     Attorney General of Kentucky

                                                James Havey
                                                Assistant Attorney General
                                                Frankfort, Kentucky