RENDERED:  JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2017-CA-0714-MR

JAMES R. THOMAS                                                    APPELLANT

v.
APPEAL FROM OWEN CIRCUIT COURT
HONORABLE R. LESLIE KNIGHT, JUDGE
ACTION NO. 12-CR-00018

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
REVERSING & REMANDING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

CALDWELL, JUDGE:  Appellant James R. Thomas appeals the Owen Circuit

Court's denial of his motion for relief pursuant to RCr[1] 11.42 relief.  We reverse

the circuit court's order and remand this matter with instructions.

---

[1] Kentucky Rules of Criminal Procedure.

# FACTS

James R. Thomas (Thomas) was convicted in the Owen Circuit Court of manufacturing methamphetamine, first-degree possession of a controlled substance, possession of drug paraphernalia, possession of marijuana, and the jury found him to be a first-degree persistent felony offender (PFO). He was sentenced to a total of twenty-three years' imprisonment and assessed a $1,000 fine. His conviction and sentence were affirmed on direct appeal by the Kentucky Supreme Court in 2013-SC-0550-MR, in an unpublished Opinion rendered on October 29, 2015.

In 2016, Thomas filed a *pro se* motion for relief pursuant to RCr 11.42, alleging several instances of ineffective assistance of trial counsel. Thomas alleged counsel was ineffective for failing to properly investigate and prepare a defense for trial. Specifically, Thomas complained that his counsel did not review phone records which would have refuted allegations made during a pre-trial suppression hearing and failed to conduct a proper investigation prior to the hearing. Such investigation could have provided evidence to contest the allegation that incriminating evidence was found in plain view by police. He also alleged that counsel should have introduced a

recorded interview conducted of him and his wife, which would have been exculpatory of his role in the crimes charged.

In response, the circuit court issued an order denying relief. The order contained no findings of fact or conclusions of law. It simply held that because Thomas had been found guilty by a jury and that conviction had been upheld on appeal by the Kentucky Supreme Court, his claims in the post-conviction motion were without merit. When Thomas filed a motion requesting specific findings of fact and conclusions of law, such was summarily denied. He appealed.[2]

## STANDARD OF REVIEW

A denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the circuit court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as being arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

---

[2] Although the circuit court appointed Thomas counsel in his appeal of the denial of post-conviction relief, because the Owen Circuit Clerk did not transmit the record to the Court of Appeals, the Department of Public Advocacy (DPA) was not timely notified of the appointment. Once it was made aware, DPA filed a motion for belated appeal, which was denied. A motion for discretionary review was filed, by appointed counsel, and the Kentucky Supreme Court reversed the Court of Appeals and Thomas now, through counsel, prosecutes this appeal.

## ANALYSIS

When a motion filed pursuant to RCr 11.42 alleges instances of ineffectiveness of counsel, the veracity of which cannot be refuted by a review of the record of proceedings, an evidentiary hearing must be held.  Such is axiomatic.

In *Fraser v. Commonwealth*, the Kentucky Supreme Court clearly laid out a roadmap for review of post-conviction motions seeking relief from conviction for collateral matters, highlighting when evidentiary hearings and appointments of counsel are required.

> These provisions establish the following procedural steps with respect to an evidentiary hearing and the appointment of counsel:
>
> 1. The trial judge shall examine the motion to see if it is properly signed and verified and whether it specifies grounds and supporting facts that, if true, would warrant relief.  If not, the motion may be summarily dismissed. *Odewahn v. Ropke*, Ky., 385 S.W.2d 163, 164 (1964).
>
> 2. After the answer is filed, the trial judge shall determine whether the allegations in the motion can be resolved on the face of the record, in which event an evidentiary hearing is not required.  **A hearing is required if there is a material issue of fact that cannot be conclusively resolved, *i.e.,* conclusively proved or disproved, by an examination of the record**. *Stanford v. Commonwealth*, Ky., 854 S.W.2d 742, 743-44 (1993), *cert. denied*, 510 U.S. 1049, 114 S.Ct. 703, 126 L.Ed.2d 669 (1994); *Lewis v. Commonwealth*, Ky., 411 S.W.2d 321, 322 (1967). **The trial judge may not simply disbelieve factual allegations in the absence of evidence in the record refuting them**. *Drake v. United States*, 439 F.2d 1319, 1320 (6th Cir.1971).

3. If an evidentiary hearing is required, counsel must be appointed to represent the movant if he/she is indigent and specifically requests such appointment in writing. *Coles v. Commonwealth*, Ky., 386 S.W.2d 465 (1965). If the movant does not request appointment of counsel, the trial judge has no duty to do so *sua sponte*. *Beecham v. Commonwealth*, Ky., 657 S.W.2d 234, 237 (1983).

4. If an evidentiary hearing is not required, counsel need not be appointed, "because appointed counsel would [be] confined to the record." *Hemphill v. Commonwealth*, Ky., 448 S.W.2d 60, 63 (1969). (However, the rule does not preclude appointment of counsel at any stage of the proceedings if deemed appropriate by the trial judge.)

59 S.W.3d 448, 452-53 (Ky. 2001) (emphasis added).

In the present case, though Thomas does not so argue, the circuit court wholly failed to indicate in the order denying relief that the factual allegations Thomas made in his *pro se* motion were refutable by the record. Rather, the circuit court displayed that it applied a wholly incorrect analysis by stating "[t]he Kentucky Supreme Court affirmed the conviction on October 29, 2015. These issues have been appealed and the jury verdict affirmed. This [c]ourt finds the movant's claims are totally without merit and therefore **DENIES** the Motion."

The allegations raised in a motion pursuant to RCr 11.42 involve issues not commonly dealt with on direct appeal of a conviction, *i.e.*, concerns about the adequacy of the representation provided by counsel, rather than errors at trial. Trial errors often involve jurisdiction, procedure, the quantum of evidence,

and jury issues. The failure of counsel to object at trial to an anomaly in one of these areas could be the standard for a post-conviction allegation of ineffective assistance of counsel, but the anomaly itself is properly before the court on direct appeal. The standard by which assistance of counsel is adjudged is whether the attorney's particular conduct was deficient as measured by the objective standard of reasonableness under "prevailing professional norms," and, if it is found to be so, whether counsel's error resulted in a reasonable probability that the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984); *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985), *as modified on denial of reh'g* (Feb. 6, 1986).

When the circuit court stated that relief was denied because the Kentucky Supreme Court had affirmed the conviction, such was simply not an appropriate analysis of the allegations contained in the RCr 11.42 motion. The errors alleged in the motion involved matters not presented on direct appeal, nor were they issues that would have properly been presented on direct appeal.

We note that Thomas did not frame the issue as we have analyzed it, rather focusing on the lack of adequate findings of fact and conclusions of law contained in the order. In any event, it is the "findings" articulated in the order with which we disagree, both their content and their breadth.

## CONCLUSION

We reverse the order of the circuit court and remand for a proper analysis of the claims raised in the RCr 11.42 motion. We caution the circuit court that if the claims cannot be refuted by the record, an evidentiary hearing must be held. *Fraser*, *supra*, at 452.

ALL CONCUR.

BRIEF FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky