RENDERED:  JUNE 27, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1429-MR

SKYLAR R. SINNETT                                                        APPELLANT


|  | APPEAL FROM MARSHALL CIRCUIT COURT |
| v. | HONORABLE ANDREA L. MOORE, JUDGE |
|  | ACTION NO. 19-CR-00200 |


COMMONWEALTH OF KENTUCKY                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  EASTON, A. JONES, AND LAMBERT, JUDGES.

EASTON, JUDGE:  The Appellant, Skylar R. Sinnett ("Sinnett"), *pro se*, appeals

the Marshall Circuit Court's denial of his RCr[1] 11.42 motion without an

evidentiary hearing.  Sinnett argues the following issues on appeal:  1) the circuit

court's order denying his RCr 11.42 motion was not a final and appealable order;

2) he should have been granted an evidentiary hearing on factual claims he made;

---

[1] Kentucky Rules of Criminal Procedure.

and 3) he was improperly denied counsel to supplement his original motion and during this appeal. Upon review, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

Sinnett does not contend that he is innocent. In the first paragraph of his brief, he admits to digital penetration of the vagina of his young cousin, although he now suggests the date of his crimes was different than what he admitted by his guilty plea.[2] Sinnett agreed with the contents of his Presentence Investigation Report when he was sentenced. This included the date his crimes were first reported as June 3, 2019. His young cousin then said she was six years old when the abuse last occurred. This age of six explains the date range stated in the Indictment (between April 1, 2017, and June 3, 2019).

Sinnett was interviewed by the police on June 14, 2019. Sinnett admitted to touching his three cousins by "placing his hand down their pants while they slept." He demonstrated his movements. Sinnett said penetration occurred

---

[2] Sinnett insinuates that some of his crimes might have been committed when he was a juvenile and thus not properly subject to indictment as an adult. Given Sinnett's admission that his crimes occurred repeatedly over a period of time, this did not require a delineation for the purposes of his guilty plea. Considering the birthdates of Sinnett and his victim, the time frame for the charges in the Indictment does include about six weeks at the beginning of the over two-year period while Sinnett was still a minor, but the vast majority of the time frame was after Sinnett reached majority. Sinnett never raised the question of the precise date of his crimes with the circuit court. He should not now be allowed to raise this issue on appeal. *Koteras v. Commonwealth*, 589 S.W.3d 534, 540 (Ky. App. 2018). Sinnett admitted guilt as stated in the Indictment, and his own confessions support such crimes being committed after he reached majority.

only with one child. In this interview, Sinnett admitted to anal digital penetration of the one child he referred to in his brief as being subjected to vaginal digital penetration. Sinnett further explained that sometimes he would masturbate before approaching the children. He said he had touched the children multiple times.

On July 9, 2019, the Marshall County Grand Jury indicted Sinnett on two counts of First-Degree Sexual Abuse with identification of only one of his admitted victims, the one Sinnett admitted to penetrating digitally. Because the crimes involved children under the age of twelve, each charge carried a potential sentence of five to ten years as a Class C felony. KRS[3] 510.110(2).

Sinnett's appointed counsel sought and obtained funding for evaluation of competency and responsibility. While Sinnett had a history of an unspecified learning disability, Sinnett explained that he was able to graduate from high school. His counsel noted an average intellectual functioning found by the evaluator. Our review of the interaction between the circuit court and Sinnett leaves no doubt that Sinnett understood his situation. He answered questions appropriately without any unusual delay.

One of these interactions was the thorough plea colloquy on October 13, 2020. Due to COVID-19 restrictions in place at that time, participants appeared remotely. While we cannot see Sinnett at this hearing, we can tell that

---

[3] Kentucky Revised Statutes.

the circuit court could observe Sinnett during the plea. A similar remote approach occurred during the later sentencing hearing, and we can see Sinnett on the screen. At no time during either court appearance does Sinnett seem confused when answering questions about his rights, what he was doing by pleading guilty, and the consequences of his actions.

During his guilty plea, Sinnett told the judge he had been able to speak to his counsel "quite a lot" and had fully discussed his case with her. He acknowledged that his guilty plea was in exchange for a ten-year sentence, and that counsel had explained his rights and possible defenses. Sinnett said no one made any promises to him or coerced him to plead guilty. He also stated he was satisfied with his attorney, and she had done everything that he wanted her to do for him.

In July 2023, Sinnett filed an RCr 11.42 motion, seeking to have his conviction and sentence vacated. Although signed by Sinnett, this motion was not verified. Sinnett alleged the following: 1) trial counsel abandoned him when he wanted to withdraw his guilty plea; 2) trial counsel failed to adequately investigate the case; and 3) trial counsel failed to file a suppression motion regarding statements made by the victim and her mother to police. He asked for an evidentiary hearing on his motion. Sinnett also requested the court "to appoint Counsel for the purpose of 'supplementing' these pleadings and representing [Sinnett] during any hearings held on this matter."

-4-

The circuit court's Order entered in September 2023 denied Sinnett's motion without an evidentiary hearing. The court also denied Sinnett's motion for appointment of counsel. Addressing one of Sinnett's contentions in particular, the court stated Sinnett "has not indicated what an investigation by counsel would have revealed." The court added: "There is no indication whatsoever that further investigation by [Sinnett]'s trial counsel would have revealed any evidence to assist in [Sinnett]'s defense to the charges." This appeal follows.

**STANDARD OF REVIEW**

A trial court's denial of an RCr 11.42 motion is reviewed for an abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). Abuse of discretion occurs when the court's denial is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

**ANALYSIS**

RCr 11.42(2) requires the motion to be not just signed but verified – sworn before a notary. An unverified motion may be summarily dismissed. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). No one raised this issue. Had this omission been brought to the attention of Sinnett, the applicable rule does not prohibit correction of this omission, which could be in the interest of judicial economy instead of directing a new filing. Since any denial of a motion

based on the failure to have the motion verified would not address the merits, a repeat of the motion with verification arguably is permissible. Because the questions raised by this omission were ignored and thus waived, and because this is not a matter of subject matter jurisdiction for such motions, we will proceed with our review of the merits.

Sinnett first argues the circuit court's Order was not final and appealable.[4] Sinnett argues the Order failed to address multiple claims of ineffective assistance of counsel, and thus, was not appealable unless CR[5] 54.02 is satisfied. Sinnett points out the Order did not contain "final and appealable" language.

"A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. Pursuant to CR 54.02(1):

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however designated,

---

[4] By an Order entered on April 29, 2025, a prior panel of this Court denied Sinnett's motion to dismiss this appeal for lack of jurisdiction on the same basis of lack of finality.

[5] Kentucky Rules of Civil Procedure.

which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

A trial court is not required to address every contention made in an RCr 11.42 motion. Such a motion asserts one claim, the right to relief pursuant to that rule, regardless of how many arguments are advanced. The denial of the motion adjudicates the single claim made by the motion.

Overall, the circuit court observed: "[T]he allegations made by [Sinnett] in his motion are conclusively disproved on the face of the record as is made evident from a review of the face of the record as stated above." CR 54.02 did not apply because the Order denying the motion adjudicated all of Sinnett's rights with respect to that motion, regardless of how much detail the circuit court chose to give for its reasons. The Order was final and appealable. It is for this Court to review if anything in the motion and the record, whether discussed by the circuit court or not, required a hearing.

Sinnett then argues the circuit court erred by not granting an evidentiary hearing to address his factual claims of ineffective assistance of counsel. Sinnett believes the record does not refute his claims. Before we

-7-

comment on what the record refutes, we recognize that Sinnett failed to state with specificity what his claims were.

RCr 11.42(2) requires more than general claims such as a failure to investigate or the need for a suppression motion. Sinnett must state in his motion from his own knowledge what an investigation would have revealed as important for his case. He must specify what statements he thinks should have been suppressed and why.

As to suppression, Sinnett just says unidentified statements made by the child victim and her mother should have been suppressed. With respect to the mother, we might expect an argument about hearsay. But neither the child nor the mother ever testified because of Sinnett's guilty plea. Sinnett appears to be complaining specifically about what the mother said to the police, but hearsay is not prohibited in this context. Indictments may be based upon hearsay testimony to a grand jury. KRE[6] 1101(d)(2).

There were no sufficient, specific allegations to demand further review of Sinnett's motion. Had there been sufficiently specific allegations, the trial court would have been required to examine the entire record to see if those allegations are refuted by the existing record. The trial court "shall determine whether the allegations in the motion can be resolved on the face of the record, in

---

[6] Kentucky Rules of Evidence.

which event an evidentiary hearing is not required. A hearing is required if there is a material issue of fact that cannot be conclusively resolved[.]" *Fraser*, *supra*, at 452.

Sinnett also argues that the circuit court erred by denying appointment of counsel for his RCr 11.42 motion. "There is no constitutional right to a post-conviction collateral attack on a criminal conviction or to be represented by counsel at such a proceeding where it exists." *Id*. at 451 (Ky. 2001) (citing *Murray v. Giarratano*, 492 U.S. 1, 8, 109 S. Ct. 2765, 2769, 106 L. Ed. 2d 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S. Ct. 1990, 1994, 95 L. Ed. 2d 539 (1987)). *Fraser* held that counsel need not be appointed until after the trial court reviews the motion and determines the need for an evidentiary hearing.

In *Gilliam v. Commonwealth*, 652 S.W.2d 856 (Ky. 1983), the appellant sought a transcript of his trial and guilty plea in order to *prepare* an RCr 11.42 motion. The trial court denied his request, and the Kentucky Supreme Court affirmed, holding "the stated purpose of the rule is to provide a forum for known grievances, not to provide an opportunity to research for grievances." *Id.* at 858. Since no evidentiary hearing was needed and Sinnett did not have a right for an attorney to "supplement" his motion, there was no need to appoint an attorney. The court did not err in denying the appointment of counsel to assist with Sinnett's RCr 11.42 motion.

Sinnett further complains about the withdrawal of his appellate counsel permitted by this court. The Kentucky Department of Public Advocacy ("DPA") was allowed to withdraw from its representation of Sinnett for this appeal pursuant to KRS 31.110(2)(c). This does not violate Sinnett's rights. Counsel was initially appointed for the appeal, but as allowed by KRS 31.110(2)(c), that counsel was allowed to withdrawal upon discovering no merit to the appeal. Neither the federal nor state constitution provide a right to counsel for a meritless appeal.

The only claim calling for further comment is Sinnett's claim that trial counsel abandoned him when he wanted to withdraw his guilty plea. He suggests he expressed his desire to withdraw the guilty plea to his counsel before sentencing, although he did not tell the circuit court about this desire when he was sentenced and filed no document requesting this. In the circumstances presented, even if Sinnett had discussed withdrawal with his counsel, Sinnett is still not entitled to relief.

The standards which measure ineffective assistance of counsel are set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, the defendant must show that counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment of the United States Constitution. *Id.* at 687, 104 S. Ct. at 2064. Second, the defendant must show the counsel's deficiency prejudiced the defense

-10-

by depriving the defendant of a fair proceeding, a proceeding whose result is reliable. *Id.* In the context of a guilty plea, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012) (internal quotation marks and citation omitted).

Sinnett's guilty plea was clearly voluntary, and Sinnett cannot show he was prejudiced by pleading guilty. Having been charged with two counts of First-Degree Sexual Abuse (Victim Less Than 12 Years Old), which are Class C felonies, Sinnett was facing twenty years on these charges alone. We have no way of knowing if Sinnett could have faced more charges relating to the other children had the plea not been accepted. Sinnett exchanged the uncertainty of trial for a reduced prison sentence of ten years. Regardless of what any other evidence revealed, the admissible confessions made by Sinnett provided overwhelming and disturbing proof of guilt. Sinnett could not show prejudice to entitle him to RCr 11.42 relief.

**CONCLUSION**

The Order denying Sinnett's RCr 11.42 motion was final and appealable. The circuit court did not err in denying counsel to supplement the motion, an evidentiary hearing, or by denying the motion itself. The Order of the Marshall Circuit Court is AFFIRMED.

-11-

ALL CONCUR.


BRIEFS FOR APPELLANT:

Skylar R. Sinnett, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell R. Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky