John Franklin DRAKE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 20511.

United States Court of Appeals, Sixth Circuit.

March 18, 1971.

G. David Schiering (court appointed), Cincinnati, Ohio, for petitioner-appellant; G. David Schiering, Taft, Stettinius & Hollister, Cincinnati, Ohio, on brief.

W. Waverley Townes, Louisville, Ky., for respondent-appellee; George J. Long, U. S. Atty., Louisville, Ky., on brief.

Before PHILLIPS, Chief Judge, PECK and McCREE, Circuit Judges.

PER CURIAM.

Petitioner filed this action in the United States District Court for the Western District of Kentucky under 28

U.S.C. § 2255, alleging that his plea of guilty to charges of armed bank robbery, 18 U.S.C. §§ 2113(a) and 2113(d), under which he was sentenced to 25 years' imprisonment, was not entered vountarily. The District Court held that petitioner's plea was voluntarily entered and accordingly denied relief. We affirm, but for a different reason from that employed by the District Court.

◼ In denying relief, the District Court stated:

The mere fact that petitioner has presented a factual issue which is not directly refuted by the record does not automatically entitle him to a hearing. United States v. Orlando, 327 F.2d 185 (6th Cir., 1964). This is particularly true in a case such as this where after fourteen years incarceration petitioner has suddenly come up with the all too standard "we had a bargain" argument.

This is not an accurate statement of the law. *See* Machibroda v. United States, 368 U.S. 487, 493–495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). 28 U.S.C. § 2255 commands that

[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall * * * grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

This language leaves no room for the District Court to simply disbelieve the factual allegations of a § 2255 petition in the absence of evidence in the record refuting them. *See* Burton v. United States, 438 F.2d 1089 at 1093 (6th Cir. February 25, 1971) (emphasis added).

Burton argues that his claimed conference with his lawyer does not appear of record and therefore an evidentiary hearing must be had. The colloquy which preceded Burton's plea *is not challenged and refutes Burton's relevant assertions of fact.*

The District Court, then, is free to discount factual allegations which are re-

futed on the record, but it is not entitled to weigh the credibility of allegations which are not—or cannot by their nature be—so contradicted.

◼ In the case before us petitioner claims that his plea was entered involuntarily, and he alleges facts of sufficient specificity to require—if unrefuted by the record—an evidentiary hearing. Petitioner's claim is that before entry of the plea he was told that a deal had been made, under which he would receive a sentence of 20 years' imprisonment in return for pleading guilty. Among petitioner's allegations is the following:

Petitioner was thereafter arraigned before the Honorable Roy Shelbourne [District Judge]. At this proceeding, and before petitioner had entered his plea, the prosecuting United States Attorney informed the Court that the maximum sentence that could be imposed under the charge presented in the indictment was twenty (20) years.
\* \* \*

In fact, the prosecutor said nothing about the length of the sentence before petitioner entered his guilty plea, and the maximum penalty under 18 U.S.C. § 2113(d) is and was 25 years' imprisonment. And according to the transcript, this latter fact was made known to appellant at a time when he still had an opportunity to withdraw his guilty plea.

This is made manifest by the transcript, which reveals that the United States Attorney, following the entry of the plea, requested a sentence of 25 years. Transcript, at 3. Later in the same day, Judge Shelbourne addressed petitioner in the following words:

You have a right to make any statement now. You do not have the right to besiege me hereafter with numerous letters usually prefaced by saying I was scared when I was in Court and afraid to make a statement, but I want to make one now, and beseiging me to change a sentence that is made when a sentence ought to be made and beseiging me to modify or change it, when the district attorney had not

been notified, when he knows of no such procedure by a defendant, and it is something I can't well ignore, but I want you to understand in advance that here now is your opportunity—not this very moment, but if you want a little time to think about the recommendation, no effort in the world on the part of the Court or the government to hurry the final disposition of your case, but I want you to know when it is disposed of, it is disposed of with a feeling it should carry finality with it. I am willing to hear now anything you have to say or any statement that is relative to your case, and to the sentence recommended by the government.

Transcript, at 10–11. Petitioner responded with an eloquent plea for mercy, but made no mention of or reference to the 20-year bargain he now alleges in his petition, although he could have withdrawn his plea at the time. Fed.R. Crim.P. 32(d). Under these circumstances, we hold that a material allegation of the § 2255 petition was contradicted by the record of the original proceedings before the District Court, and that accordingly it was not error to dismiss the petition without an evidentiary hearing.

Petitioner claims that he was prejudiced in preparing his petition by the unavailability of the transcript. He requested a copy of this document, but Judge Shelbourne's former court reporter informed him that she was not required to keep notes on proceedings more than 10 years old, and that accordingly it would be impossible to obtain the transcript. Yet the transcript of the sentencing proceedings was available to the District Court which heard the motion under 28 U.S.C. § 2255 and to counsel appointed to represent appellant by this court. Under 28 U.S.C. §§ 753(b), 753(d), a copy of this transcript should have been made available to appellant upon request.

We do not agree, however, with petitioner's claim that he was improperly prejudiced by the District Court's fail-ure or refusal to furnish him with a transcript. The only prejudice appellant claims is that he was unable to verify his recollections by comparison with the transcript so that his allegations could conform to what had been recorded. But the discrepancy between the allegations and the transcript, which, in our view, requires dismissal of the § 2255 petition, is not a minor or inconsequential one. Instead, it goes to the heart of the truth of petitioner's contention. Petitioner alleged a bargain, but the words of the transcript clearly show that he was on notice, at a time when he could have withdrawn his plea, that the Government was not acting in accordance with the claimed bargain. Petitioner could not rephrase his complaint to conform to the transcript without changing its substance entirely. Accordingly, we hold that the result reached by the District Court was correct.

The court expresses its appreciation to G. David Schiering, Esq., who as appointed counsel briefed and argued appellant's case with vigor and skill.

Affirmed.