RENDERED: JUNE 24, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0549-MR

JOSEPH D. COCKROFT                                    APPELLANT

v.
APPEAL FROM UNION CIRCUIT COURT
HONORABLE C. RENE' WILLIAMS, JUDGE
ACTION NO. 15-CR-00132

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, McNEILL, AND TAYLOR, JUDGES.

DIXON, JUDGE: Joseph D. Cockroft appeals the denial of his RCr[1] 11.42 motion,

alleging ineffective assistance of counsel (IAC), and denial of his motion for an

evidentiary hearing, entered by the Union Circuit Court on April 6, 2021.

Applying the two-pronged performance and prejudice standard established in

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),

---

[1] Kentucky Rules of Criminal Procedure.

the trial court denied Cockroft's motion, finding that – based on the evidence in the record – he failed to demonstrate either prong of *Strickland*'s requirements of deficient assistance or that his case was prejudiced by trial counsel's actions. Following a careful review of the record, the briefs, and the law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Cockroft was indicted on three counts of flagrant nonsupport.[2] The minimum sentence for each offense is one year imprisonment, with a maximum of five years. Cockroft also faced a fine of up to $10,000. The Commonwealth offered Cockroft a plea deal of ten years in prison, probated for five, as well as an agreement to pay his current child support obligations and make payments toward his arrearage (totaling $481.71 a month). Cockroft, his counsel, and the trial court accepted this deal, and an order on Cockroft's guilty plea was entered with a corresponding judgment.

Unfortunately, less than a year into his probation, Cockroft violated its terms on multiple occasions, and his probation was revoked. Cockroft moved the trial court for shock probation in order to complete a local chemical dependency program. The trial court granted his motion and placed Cockroft on probation again; however, Cockroft failed to report to either the program or his probation officer. Consequently, his probation was revoked a second time. Following his

---

[2] Kentucky Revised Statutes (KRS) 530.050, a Class D felony.

reincarceration, Cockroft again moved the trial court for shock probation, but the motion was denied.

Cockroft subsequently, *pro se*, moved the trial court for relief under RCr 11.42, requesting assistance of counsel and an evidentiary hearing for his IAC claims. The trial court appointed counsel, who supplemented his RCr 11.42 motion. After the matter was fully briefed, the trial court denied Cockroft an evidentiary hearing and the requested relief. This appeal followed.

## STANDARD OF REVIEW

As observed by the Supreme Court of Kentucky, when determining whether a guilty plea was entered knowingly, voluntarily, and intelligently, trial courts must consider the totality of the circumstances. *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). "This inquiry is inherently fact-sensitive" and is reviewed for clear error. *Id.*

Concerning Cockroft's IAC claims, as established in *Bowling v. Commonwealth*, 80 S.W.3d 405, 411-12 (Ky. 2002):

> [t]he *Strickland* standard sets forth a two-prong test for ineffective assistance of counsel: [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

[*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064]. **To show prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different**. A reasonable probability is the probability sufficient to undermine the confidence in the outcome. *Id.* at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 695.

(Emphasis added) (paragraph breaks omitted). Both *Strickland* prongs must be met before relief may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Herein, we need not determine whether counsel's performance was adequate on any or all the issues raised because Cockroft fails to demonstrate prejudice resulting from counsel's alleged deficient performance.[3]

To establish prejudice, a movant must show a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. In short, one must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687, 104 S. Ct. at 2064. Fairness is measured in terms of reliability. "The likelihood of a different result must be

---

[3] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id*. at 697, 104 S. Ct. at 2052.

-4-

substantial, not just conceivable." *Commonwealth v. Pridham*, 394 S.W.3d 867, 876 (Ky. 2012) (quoting *Harrington v. Ritcher*, 562 U.S. 86, 100, 131 S. Ct. 770, 791, 178 L. Ed. 2d 624 (2011) (citing *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067)).

> Mere speculation as to how other counsel might have performed either better or differently without any indication of what favorable facts would have resulted is not sufficient. Conjecture that a different strategy might have proved beneficial is also not sufficient. *Baze* [*v. Commonwealth*, 23 S.W.3d 619 (Ky. 2000)]; *Harper v. Commonwealth*, 978 S.W.2d 311 ([Ky.] 1998). As noted by *Waters v. Thomas*, 46 F.3d 1506 (11th Cir. 1995) (*en banc*): "The mere fact that other witnesses might have been available or that other testimony might have been elicited from those who testified is not a sufficient ground to prove ineffectiveness of counsel."

*Hodge v. Commonwealth*, 116 S.W.3d 463, 470 (Ky. 2003), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). "No conclusion of prejudice . . . can be supported by mere speculation." *Jackson v. Commonwealth*, 20 S.W.3d 906, 908 (Ky. 2000) (citations omitted).

In the context of an IAC claim pertaining to a defendant entering a guilty plea, Kentucky's highest court has opined:

> A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) **that the deficient performance so seriously affected the**

**outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial**.

. . .

The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and **caused the defendant to lose what he otherwise would probably have won and whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory**. Because [a] multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial, the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001) (internal quotation marks and footnotes omitted) (emphasis added). The United States Supreme Court has further observed:

In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the

-6-

evidence likely would have changed the outcome of a trial.

*Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

## ANALYSIS

On appeal, Cockroft argues the trial court erred when it did not conduct an evidentiary hearing or grant relief under RCr 11.42 for counsel's failure to (1) ensure proper plea colloquy was conducted and (2) conduct an appropriate mitigation investigation. However, it is well-established that the effect of a guilty plea is to waive all defenses except that the indictment charges no offense. *Quarles v. Commonwealth*, 456 S.W.2d 693 (Ky. 1970); *Commonwealth v. Watkins*, 398 S.W.2d 698 (Ky. 1966), *cert. denied*, *Watkins v. Kentucky*, 384 U.S. 965, 86 S. Ct. 1596, 16 L. Ed. 2d 677 (1966). RCr 11.42 does not authorize criminal defendants to disregard a valid plea agreement. In the case herein, "since appellant's plea of guilty makes his allegation of ineffective assistance of counsel unavailing, he is not entitled to a hearing." *Cox v. Commonwealth*, 465 S.W.2d 76, 78 (Ky. 1971). Accordingly, we hold that because Cockroft's plea was knowingly and voluntarily entered, his IAC claim pertaining to his guilty plea was properly dismissed.

We further note that trial counsel is not ineffective where he negotiated a plea deal that his client willingly accepted but later regretted. Instead, the defendant must show that rejecting the plea deal would have been rational

under the circumstances. *Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012). Cockroft has not done so. Furthermore, Cockroft admitted his guilt. Under the plea agreement, Cockroft's sentence was only two-thirds of the maximum sentence and was probated for five years. Rejecting such a deal would not have been rational, nor would it have been reasonable for counsel to advise otherwise under these circumstances.

Moreover, not every single right that is waived must be specifically listed by the trial court in its colloquy. Even issues concerning constitutional rights, such as the right to be free from self-incrimination, may be waived if done so knowingly and intelligently.

In *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969), the United States Supreme Court cited *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed. 2d 70 (1962), in which it dealt with a problem of waiver of the Sixth Amendment right to counsel, holding, "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

In its order, the trial court observed the following regarding the colloquy surrounding Cockroft's guilty plea:

Court: "Have you reviewed with the Defendants the nature of the charges filed against them, the possible penalties they are facing and their constitutional rights?"

Mr. Sysol: "Yes Your Honor[.]"

Court: "Have you reviewed with them the fact that if they enter a voluntary plea to any charge, they will waive their constitutional rights?"

Mr. Sysol: "Yes Your Honor[.]"

Court: "Have they been able to assist in the preparation of the defense of their case?"

Mr. Sysol: "They Have[.]"

Court: "Do you know of any reason why we should not go forward with the acceptance of their pleas?"

Mr. Sysol: "No Your Honor[.]"

Granted Mr. Sysol was not standing next to the Defendant [at] this time, but this Court is not aware of a statute or rule that requires an attorney to stand right beside a Defendant during a plea. A complete view of the video shows Mr. Sysol walking back and forth between the podiums where the Defendant[s] stood and counsel table during the entire time of the pleas. It is this Court's common practice when one attorney represents multiple Defendants that a "group" plea is entered in the interest of judicial economy. The paperwork is reviewed individually with each Defendant prior to the plea and turned into the Court when they are ready to proceed.

Following the exchange with Mr. Sysol, the Defendants were sworn in and the Court began the colloquy with them. The court video also shows Mr. Sysol going back and forth between the Bench and the Defendants transferring papers and talking with the Defendant. . . .

-9-

> The Defendant answered the Court's questions, including the questions concerning the paperwork that was submitted and signed by both he and Mr. Sysol. He was asked specifically if he was satisfied with the advice he had received from his attorney and he indicated he was.

Additionally, the motion to enter guilty plea signed by Cockroft specifically stated on its first page in bold-faced type:

> **I further understand the Constitution guarantees to me the following rights:**
>
> **(a) The right not to testify against myself;**
>
> **(b) The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;**
>
> **(c) The right to confront and cross-examine all witnesses called to testify against me;**
>
> **(d) The right to produce any evidence, including attendance of witnesses, in my favor; [and]**
>
> **(e) The right to appeal my case to a higher court.**
>
> **I understand that if I plead "GUILTY," I waive these rights.**

Cockroft also signed the order on his guilty plea which contained this *exact* language on its first page. Just as in *Commonwealth v. Crawford*, 789 S.W.2d 779, 780 (Ky. 1990), "[n]o cases are cited requiring a judge to read from the bench a defendant's rights to a defendant who has already waived those rights by written waiver, has acknowledged his signature thereto, and has further acknowledged that

he understood those rights." Thus, waiver here was not implied by Cockroft's silence but was expressly addressed on multiple occasions.

Cockroft also contends the trial court erred in denying his request for post-conviction relief without holding an evidentiary hearing. To this challenge, we first must ask: When is an evidentiary hearing required? The Supreme Court of Kentucky has held:

> the trial judge shall determine whether the allegations in the motion can be resolved on the face of the record, in which event an evidentiary hearing is not required. A hearing is required if there is a material issue of fact that cannot be conclusively resolved, i.e., conclusively proved or disproved, by an examination of the record. *Stanford v. Commonwealth*, [854 S.W.2d 742, 743-44 (Ky. 1993)], *cert. denied*, 510 U.S. 1049, 114 S. Ct. 703, 126 L. Ed. 2d 669 (1994); *Lewis v. Commonwealth*, [411 S.W.2d 321, 322 (Ky. 1967)]. The trial judge may not simply disbelieve factual allegations in the absence of evidence in the record refuting them. *Drake v. United States*, 439 F.2d 1319, 1320 (6th Cir. 1971).

*Fraser v. Commonwealth*, 59 S.W.3d 448, 452-53 (Ky. 2001). This is precisely what occurred herein. Since all Cockroft's allegations of error may be resolved by a review of the record, as more specifically addressed herein, no evidentiary hearing was required. Thus, the trial court did not err in denying same.

Cockroft also alleges his trial counsel failed to conduct a thorough, complete, and reasonable investigation. The Court in *Strickland* discussed the deference our Court must give trial counsel concerning their investigation, stating:

-11-

> strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 446 U.S. at 690-691, 104 S. Ct. at 2066. Following *Strickland*, the Court further held that: "[i]n assessing counsel's investigation, we must conduct an objective review of their performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time, (every effort [must] be made to eliminate the distorting effects of hindsight)." *Wiggins v. Smith*, 539 U.S. 510, 523, 123 S. Ct. 2527, 2536, 156 L. Ed. 2d 471 (2003) (internal quotation marks and citation omitted).

In Kentucky, this deferential standard pertaining to counsel's investigation has more recently been described as:

> Counsel's performance is deficient when counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. That being said, the proper inquiry when assessing an ineffective assistance of counsel claim is whether the counsel's representation fell below an objective standard of reasonableness. **In this**

**reasonableness analysis, we are directed to indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance because, given the surrounding circumstances, the challenged action might be considered sound trial strategy**. We employ this presumption to prevent the harsh light of hindsight from distorting counsel's act or omission, making it appear unreasonable.

*Commonwealth v. Searight*, 423 S.W.3d 226, 230 (Ky. 2014) (internal quotation marks and footnotes omitted) (emphasis added).

Likewise, here, every benefit of the doubt must be given to trial counsel's investigation, which was objectively reasonable under the circumstances. Moreover, Cockroft has failed to demonstrate that the so-called "sea of mitigation" evidence[4] would likely have impacted the outcome. Absent such a showing, Cockroft cannot demonstrate prejudice.

Cockroft has failed to identify *how* a more thorough investigation would have affected his plea. It is well-settled, "vague allegations, including those of failure to investigate, do not warrant an evidentiary hearing and warrant summary dismissal of the RCr 11.42 motion." *Mills v. Commonwealth*, 170 S.W.3d 310, 330 (Ky. 2005), *overruled on other grounds by Leonard*, 279 S.W.3d

---

[4] Cockroft nebulously claims his mitigation includes the fact that he came to Kentucky to make himself available to the child support office after finally having obtained an undescribed means to pay down his obligation. He also mentions complications with his legal name – he is also known as Joseph Holmes – but fails to describe how that is relevant or mitigating as he has an extensive criminal history under each name. His further claims of mitigating evidence are even more tangential.

Accordingly, the trial court properly denied this claim without an evidentiary hearing.

Simply put, Cockroft's claims do not clear the high bar requiring demonstration of prejudice as set forth in *Strickland* for the reasons discussed herein. Thus, Cockroft was not entitled to the requested relief due to waiver of his right to appeal, nor was he entitled to relief on the alleged merits. Finding no error, we must affirm.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Union Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Katelyn E. Price
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky