RENDERED:  AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0917-MR

SPENCER HEATON                                             APPELLANT

APPEAL FROM CALDWELL CIRCUIT COURT
v.        HONORABLE C. A. WOODALL III, SPECIAL JUDGE
ACTION NO. 17-CR-00017

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE, AND LAMBERT,
JUDGES.

ECKERLE, JUDGE:  Appellant, Spencer Heaton ("Heaton"), pleaded guilty to

first-degree robbery, receiving the minimum sentence allowable.  He moved to

withdraw his guilty plea, and the order denying that motion was affirmed on direct

appeal.  He now appeals the denial of his post-conviction motion, where Heaton

claimed his trial counsel's performance was deficient and, but for those

deficiencies, he would not have pleaded guilty but would have insisted on going to trial. Finding no error with the Trial Court's order denying the motion for post-conviction relief, we affirm.

## BACKGROUND

A robber brandishing a semi-automatic pistol demanded all the money from a Princeton Food Giant employee on December 11, 2016. The robber fled with the loot, and over the next several days police officers received tips from people who viewed news segments and Facebook postings about the robbery, with the tips eventually leading to Heaton's arrest. A grand jury indicted Heaton for first-degree robbery, and he ultimately pleaded guilty to that charge. The Commonwealth's offer of ten years to serve on the plea of guilty specifically stated, "Defendant is ineligible for probation or shock probation. Defendant must serve 85% before being eligible for parole." The written offer was signed by the prosecutor, Heaton, and Heaton's defense attorney.

At Heaton's guilty plea colloquy, he told the Trial Court that he was "absolutely" satisfied with his attorney's legal services. He admitted he had read the motion to enter a guilty plea along with the Commonwealth's offer. He admitted he understood he was entering a plea to serve ten years of imprisonment, and that he would not be eligible for probation or shock probation. He also

understood he would not be eligible for parole until he had served 85% of his sentence.

Prior to sentencing, Heaton moved to withdraw his plea, averring that he did not understand what had occurred. His counsel had Heaton evaluated by Dr. Robert Granacher, a psychiatrist. The Commonwealth opposed the motion, and the Trial Court ordered that Heaton be evaluated at the Kentucky Correctional Psychiatric Center ("KCPC"). At a later evidentiary hearing on the motion, Dr. Granacher and Dr. Steven Sparks, a psychologist who evaluated Heaton at KCPC, both testified, with the former claiming Heaton suffered from an intellectual disability and was unable to make a knowing or intelligent guilty plea. Dr. Sparks found that Heaton was competent, could make a knowing and intelligent plea, and was not intellectually disabled. The Trial Court denied the motion to withdraw the plea. Heaton was sentenced in accordance with the Commonwealth's offer.

Heaton subsequently appealed that decision, and a panel of this Court affirmed the Trial Court's order. *Heaton v. Commonwealth*, No. 2019-CA-000340-MR, 2019 WL 6248309 (Ky. App. Nov. 22, 2019) (unpublished). Heaton then filed a post-conviction motion pursuant to RCr[1] 11.42, claiming ineffective assistance of trial counsel. He claimed his trial counsel failed to investigate an alibi defense, failed to investigate his alleged intellectual disability, and failed to

---

[1] Kentucky Rules of Criminal Procedure.

give correct advice regarding parole and probation eligibility. He claimed he would not have pleaded guilty but would have proceeded to trial had these alleged deficiencies in trial counsel's performance not occurred. He requested an evidentiary hearing. The Commonwealth filed a responsive pleading opposing the motion. The Trial Court later entered an order denying the motion. Heaton now appeals that order and raises one additional claim never raised below.

## ANALYSIS

### I.     Special judge.

Heaton's first claim was never raised below. He argues that the order denying his RCr 11.42 motion is void because it was entered by a special judge about whose appointment Heaton had not been specifically informed. The Commonwealth responds that the special judge had been duly appointed, and the Commonwealth attached to its brief a certified copy of the Order of Assignment granting retired Judge C. A. Woodall, III the authority to preside over all matters pending as needed July 1, 2022, through July 31, 2022, in Caldwell, Livingston, Lyon, and Trigg counties. Heaton, in reply, takes no issue with the veracity of this Order of Assignment, but he proffers that he should have received notice of the Order of Assignment prior to Judge Woodall issuing the order denying the RCr 11.42 motion in the instant case. He claims he needed notice so "the parties c[ould] address any possible grounds for disqualification." Reply Brief at 1-2.

This argument is likely unpreserved, as the record does not disclose that Heaton filed any objection, motion to disqualify, or CR[2] 59.05 motion relating to Judge Woodall's assignment prior to filing the instant notice of appeal. *Sanders v. Commonwealth*, 339 S.W.3d 427, 433-34 (Ky. 2011). Likewise, the appointment was a valid constitutional delegation of authority, Kentucky Constitution § 110(5)(b), regarding which there was no error, palpable or otherwise.

## II. Evidentiary hearing.

Heaton next claims that the Trial Court erred by denying his RCr 11.42 motion without conducting an evidentiary hearing.

The legal standards for an ineffective assistance claim on a guilty plea have been long established:

> RCr 11.42 provides a process by which a convicted prisoner may collaterally attack the validity of his sentence. When a motion for relief under RCr 11.42, or the response to such a motion, raises a material issue of fact that cannot be resolved on the face of the record, the trial court must grant a prompt hearing. RCr 11.42(5). To successfully establish the invalidity of a guilty plea based upon the allegedly deficient performance of defense counsel, the movant must satisfy both prongs of the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and restated by this Court in *Bronk v. Commonwealth*, 58 S.W.3d 482, 486-487 (Ky. 2001). The movant must demonstrate that: (1) defense counsel's performance fell

---

[2] Kentucky Rules of Civil Procedure.

outside the wide range of professionally competent assistance; and that (2) a reasonable probability exists that, but for the deficient performance of counsel, the movant would not have pled guilty, but would have insisted on going to trial. In making that determination, the trial court must indulge the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052. The trial court must "consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington* inquiry into the performance of counsel[.]" *Bronk*, 58 S.W.3d at 486 (citations omitted). "[T]he trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea." *Id.* at 487.

*Commonwealth v. Rank*, 494 S.W.3d 476, 481 (Ky. 2016).

Using these standards, and after reviewing the motion and the Commonwealth's answer, "the trial judge shall determine whether the allegations in the motion can be resolved on the face of the record[.]" *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). An evidentiary hearing is required only "if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993) (citing RCr 11.42(5)), *cert. denied*, 510 U.S. 1049, 114 S. Ct. 703, 126 L. Ed. 2d 669 (1994). When determining whether a factual issue exists, "[t]he trial judge may not simply disbelieve factual allegations in the absence of evidence in the

record refuting them." *Fraser*, 59 S.W.3d at 452-53 (citing *Drake v. United States*, 439 F.2d 1319, 1320 (6th Cir. 1971)). With these standards in mind, we address Heaton's allegations of error.

**A. Alleged misadvise about shock probation or parole eligibility**.

Heaton claims he is entitled to an evidentiary hearing on his claim that his trial counsel allegedly misadvised him about his eligibility for shock probation or parole eligibility. The Trial Court properly denied this claim without an evidentiary hearing because the record refutes that any error resulted in *Strickland* prejudice.

During the plea colloquy, the Trial Court informed Heaton that he was ineligible for probation or shock probation, and that he would also have to serve 85% of his sentence before being parole eligible because it was a violent offense. Heaton indicated he understood and agreed to accept a ten-year sentence where 85% of it had to be served before parole eligibility. The Commonwealth's plea offer, which Heaton signed, also indicated the same information. Heaton was thus thoroughly informed of the correct information regarding parole and probation eligibility. *See, e.g.*, *Edmonds v. Commonwealth*, 189 S.W.3d 558, 568 (Ky. 2006) ("Although a defendant should be able to rely on representations by his attorney, reliance on a statement that is flatly contradicted by subsequent statements made by that same attorney, the trial court, and the Commonwealth during the plea

negotiations and the *Boykin*[3] colloquy is not reasonable and does not render the plea involuntary.").

Though Heaton distances himself from his signature on the plea offer, Heaton nonetheless states in his brief, "after hearing from the judge, Spencer Heaton understood the plea offer, unlike when he indicated his signature on the [Commonwealth's Offer]." Appellant's Brief at 18. Heaton nonetheless entered a knowing and intelligent plea that has been affirmed on direct appeal. Accordingly, any erroneous information given to Heaton "by counsel about probation and parole eligibility was corrected by the trial court. . . . An evidentiary hearing is not required on this issue." *Rank*, 494 S.W.3d at 487. We thus affirm the Trial Court's order denying Heaton's RCr 11.42 motion on this issue.

**B. Alleged failure to investigate alibi defense**.

Heaton next argues that he was entitled to an evidentiary hearing on whether his trial counsel's performance was deficient for an alleged failure to interview certain alibi witnesses, namely Caleb Heaton, Austin Knight, Dray Heaton, Sarah Keel Caleb Oliver, and Allison Oliver. Heaton summarily proffers that these witnesses would testify that he was eating at a chili supper with them during the robbery. He avers that his attorney was aware of the alibi defense, but

---

[3] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

elected not to investigate these witnesses, interview them before trial, subpoena them to be present at trial, or otherwise prepare to present the evidence to the jury.

To support his allegations of deficient performance, Heaton attached three affidavits to his RCr 11.42 motion: one for himself; and one each from his parents. These affidavits make statements regarding the purported alibi witnesses. First, Heaton avers that he was at Caleb Heaton's house during the time of the robbery. Heaton claims that Caleb Heaton, Caleb Oliver, Allison Oliver, Austin Knight, Dray Heaton, and Sarah Keel were at Caleb Heaton's house at the same time. Second, Rodney Heaton, Heaton's father, stated that he gave trial counsel the names of the alibi witnesses, and that as of the day before the scheduled trial, trial counsel had not interviewed the alibi witnesses. Third, Margaret Heaton, Heaton's mother, stated that none of Heaton's witnesses were at the courthouse on the day the trial was to begin. Notably, Heaton did not attach any affidavits from the purported alibi witnesses.

The Trial Court rejected this argument and the self-serving and conclusory statements in the affidavits, finding that even if trial counsel's performance were deficient, Heaton did not suffer *Strickland* prejudice. The Trial Court noted the following evidence from the Commonwealth's investigation, which was submitted with its response to the RCr 11.42 motion, substantially

undermined any alibi defense and included incriminating statements by one of the

purported, alibi witnesses:

1. The supposed alibi witness, Caleb Heaton, Defendant's cousin, confirmed that Spencer Heaton had been at Caleb's residence for a time, for a meal, but had left "no later than 7:00 p.m." Caleb also informed the investigating officer that he had sent a picture from the Princeton Police Department Facebook page that was posted immediately after the robbery showing the image of the suspect and Spencer had sent him a return text stating "I was with y'all. Can't sing two things at once." Caleb Heaton had been subpoenaed for the initial jury trial as a witness for the Commonwealth.

2. The robbery at the Food Giant grocery store occurred at approximately 7:32 p.m. with the robber seen exiting the building at approximately 17:33:29 [sic].

3. Another cousin to the Defendant, Luke Heaton, contacted the Princeton Police Department and reported that he had also seen the Facebook picture of the suspect and immediately identified that person as his cousin "Spence." The day after the robbery, Luke had a conversation with the Defendant about the gun and the robbery and the Defendant admitted to Luke that he did have a .25 automatic weapon and admitted that he robbed Food Giant [sic]. The conversation ended with a direct threat with the Defendant saying to the effect "word of mouth will get you killed" and he would "put a bullet right between your eyes." Luke Heaton had also been subpoenaed by the Commonwealth for trial testimony.

4. A third cousin to the Defendant, Cesiley Kirk, also informed the Princeton Police Department that she recognized Spencer from the images and video that

had been posted on the Police Department's Facebook page. She recognized his specific type of gait.

5. Brooke Miles was at the Food Giant at the time of the robbery. She was able to describe the robber's midnight blue S10 truck. That truck matches the pictures of Defendant's vehicle admitted at the suppression hearing and shown in the discovery materials. Brooke Miles was also subpoenaed for trial testimony by the Commonwealth.

6. The search warrant and consent search resulted in the seizure of clothing and a gun matching those the suspect had on at Food Giant.

We agree with the Trial Court that an evidentiary hearing was not necessary, though for different reasons, and that no *Strickland* prejudice resulted even if trial counsel's performance were deficient. While defense counsel has a duty to conduct a reasonable investigation, *Wiggins v. Smith*, 539 U.S. 510, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003), including an investigation into potential defenses, the investigation is not one that "the best criminal defense lawyer in the world, blessed not only with unlimited time and resources, but also with the benefit of hindsight, would conduct." *Haight v. Commonwealth*, 41 S.W.3d 436, 446 (Ky. 2001) (citations omitted), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009).

Here, assuming, *arguendo*, that counsel's performance was deficient, Heaton has failed to prove *Strickland* prejudice. His allegations are conclusory, non-specific, and circular. He proffers that an investigation into these purported

-11-

alibi witnesses would have created an alibi defense, yet the only evidence Heaton offered to support the alibi defense was the conclusory and self-serving affidavits of himself and his parents (neither of whom it appears were at the purported chili supper).  None of this information offers any details of the purported alibi witnesses' testimonies.  *Mills v. Commonwealth*, 170 S.W.3d 310, 330 (Ky. 2005), *overruled on other grounds by Leonard*, *supra* ("[V]ague allegations, including those of failure to investigate, do not warrant an evidentiary hearing and warrant summary dismissal of the RCr 11.42 motion.").

In other words, Heaton's affidavits show that it *might* be true that if counsel investigated these purported alibi witnesses, he *might* have found some evidence to present.  "A claim that certain facts *might* be true, in essence an admission that [Heaton] does not know whether the claim is true, cannot be the basis for RCr 11.42 relief."  *Mills*, 170 S.W.3d at 328 (emphasis in original).  Heaton's alibi allegation thus constitutes a fishing expedition, which is not permitted.  *Prescott v. Commonwealth*, 572 S.W.3d 913, 926 (Ky. App. 2019) ("RCr 11.42 motions are not intended to conduct further discovery or fishing expeditions.").  *See also Mills*, *supra*; *Fraser*, *supra*.

Heaton failed to allege facts sufficient to support his claim under *Strickland*.  *Compare with Mills*, 170 S.W.3d at 338-40 (evidentiary hearing was required on alleged alternative perpetrator theory where defendant specified 11

suspicious details that pointed to another person committing the crime). Accordingly, on the face of the record that existed when Heaton filed his RCr 11.42 motion, an evidentiary hearing was not required to conduct Heaton's fishing expedition for a possible alibi defense. Thus, the Trial Court did not err by denying the motion on this issue and Heaton's request for an evidentiary hearing.

### C. Alleged failure to investigate alleged intellectual disability.

Finally, Heaton argues his trial counsel's performance was deficient because he failed to investigate Heaton's alleged intellectual disability prior to the entry of the guilty plea. This argument is ostensibly a cumulative error argument, as Heaton states in his brief, "This failure, in conjunction with the other errors previously discussed, constituted ineffective assistances of counsel." Indeed, this argument goes hand-in-hand with his first ineffective assistance claim, as Heaton argues repeatedly that if his counsel had investigated Heaton's intellectual capacity, counsel would have been able to explain the plea offer accurately and in a manner that Heaton could understand, which would have resulted in Heaton not accepting the plea offer.

The Trial Court rejected this issue, noting that Heaton's direct appeal dealt primarily with whether Heaton suffered from an intellectual disability or was incompetent to enter a guilty plea, thus there were no issues of fact that could not be determined from the record itself. We agree. All the factual evidence regarding

-13-

Heaton's purported intellectual disability is contained in the instant record. Allegations of Heaton's incompetence were previously rejected, and the denial was affirmed on direct appeal. Heaton intelligently and voluntarily entered a valid guilty plea. *See Bronk*, 58 S.W.3d at 486 ("A guilty plea is valid only when it is entered intelligently and voluntarily."). Counsel's performance cannot be deemed deficient when Heaton was fully capable of intelligently and voluntarily entering a plea, Heaton received the minimum possible sentence for his charged crime, and Heaton chose to enter a plea given a mountain of evidence to be produced against him. Likewise, Heaton did not prove *Strickland* prejudice. On this issue, both prongs of *Strickland* are proven from the face of the record, and Heaton was thus not entitled to an evidentiary hearing. The Trial Court properly denied the motion.

## CONCLUSION

The order denying the RCr 11.42 motion was signed by a duly-appointed judge. Additionally, all of Heaton's alleged ineffective assistance of counsel claims are refuted by the face of the record. Accordingly, the Trial Court properly denied the post-conviction motion without holding an evidentiary hearing. We AFFIRM the Trial Court's Order.

ALL CONCUR.

-14-

BRIEFS FOR APPELLANT:

Michael L. Goodwin
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General
Frankfort, Kentucky