**Demond BUSH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2006–CA–001372–MR.**

Court of Appeals of Kentucky.

Sept. 21, 2007.

DeMond Bush, LaGrange, KY, pro se.

Gregory D. Stumbo, Attorney General Gregory C. Fuchs, Assistant Attorney General, Frankfort, KY, for Appellee.

Before DIXON and VANMETER,

Judges; GRAVES,[1] Senior Judge.

## OPINION AND ORDER

DIXON, Judge.

Demond Bush appeals *pro se* from the Franklin Circuit Court's denial of his motion for post-conviction relief pursuant to RCr 11.42. Although we agree that Appellant was not entitled to relief, we conclude that the trial court was without jurisdiction to entertain the RCr 11.42 motion.

In January 1995, Appellant was convicted in the Shelby Circuit Court[2] of second-degree manslaughter, first-degree robbery, and kidnapping. He was sentenced to a total of fifty years' imprisonment. The Kentucky Supreme Court affirmed the convictions and sentence by an opinion rendered June 18, 1998. *Bush v. Commonwealth*, 95–SC–365–MR (June 18, 1998). Appellant thereafter filed a petition for habeas corpus relief that was denied by the United States District Court for the Eastern District of Kentucky by order entered February 7, 2002. On that same day, Appellant filed in the Shelby Circuit Court a *pro se* motion for relief pursuant to RCr 11.42. In May 2004, Appellant, through counsel, filed a memorandum in support of his RCr 11.42 motion and a request for an evidentiary hearing. On February 8, 2005, Appellant filed a "Notice of Filing" in the Franklin Circuit Court stating that his motion and supporting memorandum had erroneously been filed in the Shelby Circuit Court.

The Commonwealth thereafter filed a motion to dismiss Appellant's RCr 11.42 motion on the basis that the motion was filed outside the three-year statute of limitations prescribed by RCr 11.42(10). On July 6, 2006, the Franklin Circuit Court entered an order denying the Commonwealth's motion. Following an evidentiary hearing, the trial court denied Appellant's request for post-conviction relief. This appeal ensued.

The crux of Appellant's argument on appeal is that prosecutor misconduct and ineffective assistance of counsel denied him his constitutional right to a fair trial. While we are of the opinion that Appellant failed to establish that he was entitled to relief pursuant to RCr 11.42, we need not reach the merits of his claims because we conclude that his motion was untimely.

RCr 11.42(10) provides, in relevant part:

Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

Finality of Kentucky judgments is determined by Kentucky law. In *Palmer v. Commonwealth*, 3 S.W.3d 763, 765 (Ky. App.1999), this Court noted that a judgment becomes final with "the conclusive judgment in the case, whether it be the final judgment of the appellate court on direct appeal or the judgment of the trial court in the event no direct appeal was taken."

---

1. Senior Judge J. William Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

2. Appellant was indicted by a Franklin County Grand Jury but was subsequently granted a change of venue to Shelby County.

Here, the record shows that the trial court entered its judgment and sentence in January 1995. The judgment was affirmed by the Kentucky Supreme Court on June 18, 1998, and became final on July 9, 1998. *See* CR 76.30(2a) ("An opinion of the Supreme Court becomes final on the 21 st day after the date of its rendition unless a petition under Rule 76.32 has been timely filed ...."). Thus, Appellant had until July 9, 2001, to file a motion under RCr 11.42(10). However, his motion was not filed until February 7, 2002.

Further, the elements under RCr 11.42(10) required to toll the statute simply have not been met. No new facts upon which the claim is predicated have been discovered by Appellant, nor has a fundamental constitutional right been established. RCr 11.42(10)(a) and (b). Appellant erroneously claims that the judgment was not final and the three-year limitations period did not begin to run until the federal habeas corpus proceedings were concluded. The Federal Antiterrorism and Effective Death Penalty Act (AEPA) provides a one-year statute of limitations for federal habeas proceedings that is tolled while a motion for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). *Bowling v. Commonwealth,* 964 S.W.2d 803, 804 (Ky.1998). Kentucky law contains no analogous provision. Thus, we conclude that Appellant's election to seek federal habeas corpus relief amounted to a waiver of his right to seek state post-conviction relief pursuant to RCr 11.42.

The trial court herein lost jurisdiction over Appellant's case ten days after entry of the final judgment. *Silverburg v. Commonwealth,* 587 S.W.2d 241, 244 (Ky.1979). As Appellant's motion was filed outside the three-year statute of limitations period mandated in RCr 11.42, it was insufficient to reinvested jurisdiction. *See e.g. Bowling, supra.*

As the trial court did not have jurisdiction to adjudicate Appellant's motion, this Court is similarly without jurisdiction to hear any appeal therefrom. Accordingly, Appellant's appeal is hereby dismissed.