RENDERED: NOVEMBER 13, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1679-MR

CHARLES A. FRIZZELL, JR.                     APPELLANT

|  | APPEAL FROM GALLATIN CIRCUIT COURT |
|---|---|
| v. | HONORABLE RICHARD A. BRUEGGEMANN, JUDGE |
|  | ACTION NO. 13-CR-00009 |

COMMONWEALTH OF KENTUCKY               APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE: Charles A. Frizzell, Jr., brings this appeal from an October 5, 2018, Order of the Gallatin Circuit Court denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion without an evidentiary hearing. We vacate and remand.

On February 11, 2013, Frizzell was indicted by a Gallatin County Grand Jury upon one count of each of the following: manufacturing

methamphetamine, possession of drug paraphernalia, possession of marijuana, and with being a persistent felony offender in the second degree. Pursuant to a plea agreement with the Commonwealth, Frizzell pleaded guilty to unlawful possession of methamphetamine precursors, possession of drug paraphernalia, and possession of marijuana. By Final Judgment and Sentence of Imprisonment entered July 22, 2013, Frizzell was sentenced to a total of five-years' imprisonment.[1]

On September 14, 2016, Frizzell, *pro se*, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to RCr 11.42. Frizzell also filed a supporting memorandum along with a Motion to Proceed in Forma Pauperis and for Appointment of Counsel. By Order entered November 7, 2016, the trial court appointed counsel for Frizzell. Counsel then filed a supplement to Frizzell's *pro s*e RCr 11.42 motion on May 10, 2018, that included a motion for an evidentiary hearing. Frizzell's appointed counsel raised additional grounds to support the motion. The Commonwealth filed an untimely response to the RCr 11.42 motion, which the trial court elected not to consider. By Order entered October 5, 2018, the court denied Frizzell's RCr 11.42 motion without an evidentiary hearing. This appeal follows.

A guilty plea must be entered into intelligently and voluntarily. *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001). And, to prevail upon a claim

---

[1] Charles A. Frizzell, Jr.'s plea was not conditional nor did he appeal his conviction and challenge the search of the premises which resulted in his arrest.

of ineffective assistance of counsel involving a guilty plea, a defendant must demonstrate: "(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial." *Id.* at 486-87. *See also Strickland v. Washington*, 466 U.S. 668 (1984). An evidentiary hearing is required only where the allegations contained in the RCr 11.42 motion are not refuted upon the face of the record. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001).

We begin by noting that the Commonwealth has submitted a three-page brief asserting only that the trial court lacked jurisdiction to consider Frizzell's RCr 11.42 motion because the motion was not filed within three years of the final judgment entered on July 22, 2013, as required by RCr 11.42(10).[2] The Commonwealth did not raise this issue below, even in its untimely filed response that was effectively stricken by the trial court. However, RCr 11.42(4) does not require the Commonwealth to file a response to the defendant's motion. It merely gives the Commonwealth twenty days to file a response if it chooses to do so. The

---

[2] The motion should have been filed not later than July 22, 2016. The motion was filed on September 14, 2016.

trial court remains obligated to determine whether the allegations in the motion state sufficient grounds for relief or were refuted by the record.

RCr 11.42 (10) provides that any motion under this rule:

[S]*hall be filed within three years* after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

(Emphasis added.)

The record reflects that Frizzell attempted to obtain work product records from his attorney and the circuit court clerk as early as June 2015. Frizzell's petition to compel production of those records was granted by order entered February 8, 2016. His former attorney filed an affidavit in the record on August 28, 2017, declaring that all of his files and records pertaining to Frizzell's case had been lost. Whether Frizzell in good faith had exercised due diligence to obtain records and information to support his untimely RCr 11.42 motion was left to the sound discretion of the trial court, which was not considered by the trial court below.

-4-

In *Bush v. Commonwealth*, 236 S.W.3d 621, 622-23 (Ky. App. 2007), another panel of this Court held that a trial court was without jurisdiction to entertain a defendant's RCr 11.42 motion when it was filed outside the three-year limitation period set out in RCr 11.42(10). Under *Bush*, this Court is likewise without jurisdiction to entertain the appeal in this case. *Id.* at 623. Whether the allegations and facts upon which the RCr 11.42 motion was filed in this case could have been identified prior to the expiration of the three-year period is unknown as the trial court did not consider the issue below, including the tolling provisions set out in RCr 11.42(10)(a) and (b). This Court is not in a position to consider the tolling issue and is thus faced squarely with a jurisdictional quandary.

Whether a trial court has subject matter jurisdiction to hear a case may be raised by a party or a court at any time in the proceeding, even on appeal, and cannot be waived. *Commonwealth v. Groves*, 209 S.W.3d 492, 496 (Ky. App. 2006). However, our quandary in this case is compounded because arguably compliance with RCr 11.42(10) looks to compliance by a party with a procedural rule that determines particular case jurisdiction by the trial court, not subject matter jurisdiction. *Commonwealth v. Steadman*, 411 S.W.3d 717, 722-24 (Ky. 2013). The *Steadman* case involved a restitution issue raised by the Commonwealth more than ten days after the judgment was entered. *See* Kentucky Rules of Civil Procedure (CR) 59.02 and CR 59.05. Once more than ten days had expired, the

trial court lost particular case jurisdiction. *Steadman*, 411 S.W.3d at 724. Because

Steadman did not object to a belated restitution hearing, the Supreme Court held he

had waived the trial court's lack of particular case jurisdiction. *Id.* at 724-25. In

other words, a court's lack of jurisdiction over a particular case may be waived by

a party. *Id.* at 725.

The question thus arises under *Steadman* whether RCr 11.42(10) is a

procedural rule that determines particular case jurisdiction, not subject matter

jurisdiction, that was waived by the Commonwealth by failing to timely raise this

issue before the trial court. If *Steadman* does apply to our case, arguably *Bush* was

overruled by implication and the trial court had jurisdiction to consider the

motion.[3] However, based on the facts of *Steadman*, we cannot determine whether

the Supreme Court intended to extend the reach of *Steadman* to other procedural

rules like RCr 11.42(10) regarding the waiver of particular case jurisdiction

limitations.

Accordingly, until or unless the Supreme Court expands the

application of *Steadman*, this Court has no alternative but to follow the mandate of

*Bush* that this Court lacks jurisdiction to consider the merits of the appeal in this

case until such time that the trial court considers the application of RCr 11.42(10)

---

[3] In *Bush v. Commonwealth*, 236 S.W.3d 621 (Ky. App. 2007), the opinion does not distinguish between subject matter jurisdiction and particular case jurisdiction, although the holding would seem to support dismissal based upon lack of subject matter jurisdiction.

and the tolling provisions set out therein. *Bush* is a published decision of this Court and the defendant did not seek discretionary review by the Supreme Court. Thus, *Bush* is a binding precedent. *See* Supreme Court Rule (SCR) 1.040(5). For *Bush* to be overruled by this Court, we would have to go *en banc*. *See Taylor v. King*, 345 S.W.3d 237, 242 (Ky. App. 2010) (citing SCR 1.030(7)(d)). We decline to seek *en banc* review, given this is an issue that can best be resolved by the Supreme Court as concerns the application of *Steadman* to RCr 11.42(10).

In summation, we conclude that this Court lacks jurisdiction to consider this appeal until such time that the trial court has addressed the application of RCr 11.42(10) and the tolling provisions set out therein. We thus vacate and remand for the trial court to conduct an evidentiary hearing to determine if Frizzell raised sufficient grounds to file his RCr 11.42 motion outside the three-year limitation period. If not, the case shall be dismissed.

However, if sufficient grounds are established to sustain the late filing, we direct the trial court to conduct an evidentiary hearing on whether Frizzell's trial counsel was ineffective for failing to conduct a reasonable investigation.[4] Based on our review of the record, we cannot determine whether

---

[4] Frizzell's claim that his counsel was ineffective for failing to file a motion to suppress for an alleged unreasonable search and seizure is refuted on the record below. As a visitor at the mobile home and not an overnight guest, he had no Fourth Amendment protection. *Minnesota v. Carter*, 525 U.S. 83, 90 (1998). Accordingly, Frizzell had no reasonable expectation of privacy while visiting the mobile home. *Mackey v. Commonwealth*, 407 S.W.3d 554, 557 (Ky. 2013).

counsel conducted an investigation of the case. In other words, the record does not refute this claim on its face and trial counsel had a duty to make a reasonable investigation or make a reasonable decision that a particular investigation was unnecessary. *Strickland*, 466 U.S. at 691. We also refer the trial court to the Kentucky Supreme Court's test to determine whether counsel was ineffective for failing to investigate as set out in *Hodge v. Commonwealth*, 68 S.W.3d 338, 344 (Ky. 2001).

Likewise, if the trial court does conduct an evidentiary hearing on the merits of the RCr 11.42 motion, we direct the court to address the propriety of assessing court costs and fines against Frizzell under Kentucky Revised Statutes (KRS) 23A.205 and KRS 534.030. We note that the imposition of an unauthorized sentence is correctable by an RCr 11.42 motion. *Myers v. Commonwealth*, 42 S.W.3d 594, 596 (Ky. 2001), *overruled on other grounds by McClanahan v. Commonwealth*, 308 S.W.3d 694 (Ky. 2010). We further direct the trial court to make necessary findings of fact in addressing the application of KRS 23A.205 and KRS 534.030 to Frizzell's claims.

For the foregoing reasons, the October 5, 2018, Order of the Gallatin Circuit Court is vacated and remanded for proceedings consistent with this opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Leilani K.M. Martin
Assistant Attorney General
Frankfort, Kentucky