RENDERED: AUGUST 1, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0405-MR

JEREMY BROCK
APPELLANT

v.
APPEAL FROM MADISON CIRCUIT COURT
HONORABLE DAVID M. WARD, JUDGE
ACTION NOS. 16-CR-00301, 16-CR-00302, and 16-CR-00376

COMMONWEALTH OF
KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND McNEILL, JUDGES.

KAREM, JUDGE: Jeremy Brock appeals from a Madison Circuit Court order denying his motion to vacate, set aside, or correct sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42. Because the motion was untimely filed, the trial court lacked jurisdiction. Consequently, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

In 2016, Brock was indicted for sexual offenses against three minor victims. Each indictment pertained to one of the victims. In Indictment Number 16-CR-00301 he was indicted for rape in the first degree and being a persistent felony offender in the second degree; in Indictment Number 16-CR-00302 he was indicted for rape in the first degree and being a persistent felony offender in the second degree; and finally, in Indictment Number 16-CR-00376 he was indicted for eight counts of rape in the first degree, sexual abuse in the first degree, six counts of sodomy in the first degree and fourteen counts of incest. (Brock also faced a fourth indictment, but the charges in that case were ultimately dismissed.) Brock acknowledges that he faced possible life imprisonment if he was convicted of the charges.

Following felony mediation, Brock entered a plea of guilty to rape in the second degree in the first indictment; rape in the third degree in the second indictment; and rape in the first degree, sexual abuse in the first degree, and incest in the third indictment. He received a total sentence of twenty-five years in prison. Final judgment was entered on June 1, 2020.

On June 14, 2023, Brock filed an RCr 11.42 motion claiming he had received ineffective assistance of counsel. The trial court entered a lengthy and

detailed order denying the motion without a hearing, and this appeal by Brock followed.

## STANDARD OF REVIEW

In a motion brought under RCr 11.42, "[t]he movant has the burden of establishing convincingly that he or she was deprived of some substantial right which would justify the extraordinary relief provided by [a] post-conviction proceeding." *Simmons v. Commonwealth*, 191 S.W.3d 557, 561 (Ky. 2006), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151, 159 (Ky. 2009) (citation omitted).

A successful petition for relief under RCr 11.42 for ineffective assistance of counsel must meet the twin prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *accord Gall v. Commonwealth*, 702 S.W.2d 37, 39-40 (Ky. 1985). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

When the defendant argues that his guilty plea was rendered involuntary due to ineffective assistance of counsel, he must demonstrate:

(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004) (citations omitted).

An evidentiary hearing on the motion is required only "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted); RCr 11.42(5). On appeal, "[o]ur review is confined to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967).

## ANALYSIS

RCr 11.42(10) provides that any "motion under this rule shall be filed within three years after the judgment becomes final[.]" The Rule contains two exceptions to this limitations period, neither of which are applicable in this case:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

RCr 11.42(10).

Brock's motion was filed on June 14, 2023, more than three years after the entry of the final judgment on June 1, 2020. Even if the limitations period is calculated to run from June 1, 2020, to June 5, 2023, the date on which Brock states he mailed the motion, it was untimely. The trial court lost jurisdiction ten days after entry of the final judgment and because the motion was filed outside the three-year limitations period mandated in RCr 11.42, the trial court was not reinvested with jurisdiction. *Bush v. Commonwealth*, 236 S.W.3d 621, 623 (Ky. App. 2007) (citations omitted). Although the trial court did not address the timeliness of Brock's motions, we may affirm the circuit court for any reason supported by the record. *Emberton v. GMRI, Inc.*, 299 S.W.3d 565, 576 (Ky. 2009).

Brock argues that the trial court should have dismissed his motion for failure to comply with RCr 11.42(2), which states that the motion "**shall** state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this

-5-

section shall warrant a summary dismissal of the motion." (Emphasis added.) In its order, the trial court stated that if the movant fails to comply with the specificity requirement, his motion "may" be summarily dismissed for failure to comply with this provision. Brock contends that the trial court was bound by the mandatory language of the Rule to enter a summary dismissal of his motion for vagueness and that it erred in addressing the merits of his claims. Brock contends that we should order the trial court to dismiss his RCr 11.42 motion for lack of jurisdiction and allow him to re-file the motion. It is axiomatic that a defendant cannot benefit from an error he himself created. Brock created the error of which he now complains by failing to state with specificity the grounds upon which he was challenging his sentence. "Invited errors amount to a waiver and are not subject to appellate review." *Webster v. Commonwealth*, 438 S.W.3d 321, 324 (Ky. 2014).

## <u>CONCLUSION</u>

For the foregoing reasons, the order denying Brock's RCr 11.42 motion is affirmed.


ALL CONCUR.

BRIEF FOR APPELLANT:

Jeremy Brock, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky