RENDERED: NOVEMBER 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0921-MR

PHILLIP CASEMAN $\qquad$ APPELLANT

APPEAL FROM LEWIS CIRCUIT COURT
v.    HONORABLE BRIAN C. MCCLOUD, JUDGE
CASE NO. 15-CR-00075

COMMONWEALTH OF KENTUCKY $\qquad$ APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND MOYNAHAN, JUDGES.

KAREM, JUDGE: Phillip Caseman, *pro se*, appeals from a Lewis Circuit Court order denying his motion to vacate judgment and sentence under Kentucky Rules of Criminal Procedure (RCr) 11.42. We affirm because Caseman filed his motion more than three years after the judgment in his case became final.

## BACKGROUND

Caseman was indicted on multiple charges – including first-degree rape, sodomy, and incest – for molesting his granddaughter. On October 21, 2020, he entered a plea of guilty to amended charges of eight counts of first-degree sexual abuse, five counts of second-degree rape, one count of second-degree sodomy, one count of tampering with physical evidence, and one count of third-degree unlawful transaction with a minor. In accordance with the terms of his plea agreement with the Commonwealth, he was sentenced to twenty years in prison.

Caseman and his wife were looking after their son Bobby's four children while Bobby was in prison. According to Caseman, when Bobby was released from prison, one of the children, a granddaughter, wanted to live with Bobby, and to obtain that goal, fabricated the charges of sexual misconduct against him. On May 21, 2024, Caseman filed a *pro se* RCr 11.42 motion, alleging that his trial counsel was ineffective for failing to advise him that this alleged motive on the part of the granddaughter would have constituted a good defense at trial.

The trial court denied the RCr 11.42 motion without a hearing, and this appeal followed.

## STANDARD OF REVIEW

We review a trial court's decision concerning ineffective assistance of counsel under RCr 11.42 for abuse of discretion. *Jackson v. Commonwealth*, 567

S.W.3d 615, 619 (Ky. App. 2019). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## ANALYSIS

RCr 11.42(10) contains the following limitations period:

Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

The final judgment in this case was entered on October 21, 2020. Caseman filed his RCr 11.42 motion on May 21, 2024, well beyond the three-year period permitted under RCr 11.42(10). *Bush v. Commonwealth*, 236 S.W.3d 621, 623 (Ky. App. 2007) (citations omitted). Neither of the two exceptions in (a) and (b) that toll the limitations period are applicable. Caseman's motion and appellate brief make it clear that he was fully aware of the purported facts underlying his allegations at the time he was charged. No new constitutional right has been established which would apply retroactively in this case.

-3-

Because Caseman's motion was filed outside the three-year limitations period mandated in RCr 11.42(10), and neither of the exceptions apply, it was insufficient to reinvest the circuit court with jurisdiction. *Bush*, 236 S.W.3d at 623 (citation omitted). The circuit court did not abuse its discretion in denying the motion because it was untimely filed and, as a matter of law, the circuit court lacked jurisdiction to address the merits of the motion.

## <u>CONCLUSION</u>

The order denying Caseman's RCr 11.42 motion is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Phillip Caseman, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky