RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0149-MR

CURTIS LEE MAYES                                                                  APPELLANT

|       | APPEAL FROM JEFFERSON CIRCUIT COURT |
|-------|--------------------------------------|
| v.    | HONORABLE SUSAN SCHULTZ GIBSON, JUDGE |
|       | ACTION NO. 76-CR-158164 |

COMMONWEALTH OF KENTUCKY                                             APPELLEE

OPINION
DISMISSING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND EASTON, JUDGES.

COMBS, JUDGE:  Appellant, Curtis Lee Mayes (Mayes) appeals from an Order of

the Jefferson Circuit Court denying his fourth RCr[1] 11.42 motion.  After our

review, we dismiss this appeal for the reasons set forth below.

---

[1] Kentucky Rules of Criminal Procedure.

Much of the relevant procedural history is summarized in a prior decision of this Court as follows:

> The appellant, Curtis Lee Mayes, was convicted in 1977 of the murder of Grace Noble during the commission of a jewelry store robbery. Since that conviction, Mr. Mayes has filed three motions pursuant to RCr 11.42. The first motion, filed in 1980, alleged improper waiver of his case from the juvenile court to the circuit court. That motion was denied; this Court affirmed the trial court's ruling. A second motion pursuant to RCr 11.42 was filed in 1981, in which Mr. Mayes claimed that his arrest was not based on probable cause. The trial court denied relief, and this Court affirmed. In 1984, Mr. Mayes filed a third motion under RCr 11.42, raising the issues of improper jury instructions and ineffective assistance of counsel. The trial court denied relief of this third motion, and this Court affirmed. In May of 2002, Mr. Mayes filed a motion pursuant to CR[2] 60.02, seeking relief for extraordinary circumstances. Th[at] motion was denied[.]
>
> . . . .
>
> . . . [A] direct appeal and three RCr 11.42 motions have been filed on behalf of Mr. Mayes. The arguments raised in the present appeal were presented in Mr. Mayes's third RCr 11.42 motion, the denial of which was affirmed by this Court. . . . [A] CR 60.02 motion [is] not intended merely as an additional opportunity to relitigate issues that could have been (or were) litigated in the direct appeal or the RCr 11.42 proceedings. Therefore, relief under CR 60.02 is not available.

---

[2] Kentucky Rules of Civil Procedure.

*Mayes v. Commonwealth*, No. 2003-CA-000539-MR, 2003 WL 22462486, at *1 (Ky. App. Oct. 31, 2003).

In January 2014, Mayes filed a second CR 60.02 motion, alleging that "the evidence at trial did not support a conviction for wanton murder and that the jury instructions improperly deviated from the indictment." *Mayes v. Commonwealth*, No. 2014-CA-001833-MR, 2015 WL 7352513, at *1 (Ky. App. Nov. 20, 2015). This Court affirmed the circuit court's summary denial of that motion because it was an impermissible successive post-conviction motion and was not filed within a reasonable time. *Id.* at *2.

On March 14, 2024, Mayes filed the RCr 11.42 motion currently before us, which the circuit court denied by Order entered on November 14, 2024, as follows in relevant part:

> This matter is before the Court on what is at least his fourth motion to vacate his conviction pursuant to RCr 11.42. Movant has also filed at least two Habeas Corpus petitions, and at least two CR 60.02 motions. Movant was convicted in 1977 of the murder of Grace Noble and has been serving his sentence continuously since then.
>
> Now, forty-seven years later, Movant is once again challenging his conviction, this time (again) alleging ineffective assistance of counsel. Every single one off [*sic*] the issues he raises have [*sic*] been addressed, multiple times, in prior motions. Each time, the Court has considered his arguments and denied his motions. Each time, he has appealed those orders, and each time, the findings of the trial court have been affirmed.

RCr 11.42(10) states:

> Any motion under this rule shall be filed
> within three years after the judgment
> becomes final, unless the motion alleges and
> the movant proves either:
>
> (a) that the facts upon which the claim is
> predicated were unknown to the movant and
> could not have been ascertained by the
> exercise of due diligence; or
>
> (b) that the fundamental constitutional right
> asserted was not established within the
> period provided for herein and has been held
> to apply retroactively.

> Movant has known the bases for all of his arguments for
> decades, because he has raised virtually all of them in
> post- conviction motions.  He asserts no argument that
> the applicable constitutional rights were not established
> at the time of prior motions. Movant is not entitled to
> relitigate the same issues into perpetuity.

(Footnote omitted.)

Mayes appeals.

We adopt as our own the sound reasoning of the Jefferson Circuit

Court in denying relief on this fourth motion filed pursuant to RCr 11.42.  There

simply is no basis on which relief should be granted.  We reiterate: his motion is

time-barred.  The three-year statute of limitations in RCr 11.42(10) "begins to run

from the date of the final judgment on appeal." *Palmer v. Commonwealth*, 3

S.W.3d 763, 764 (Ky. App. 1999).  The decision in Mayes's direct appeal was

-4-

rendered on March 14, 1978. *Mayes v. Commonwealth*, 563 S.W.2d 4, 7 (Ky. 1978). The current motion was filed far outside the limitations period in RCr 11.42(10), and the tolling provisions of RCr 11.42(10)(a) and (b) have not been met.

We agree with the Commonwealth that under *Bush v. Commonwealth*, 236 S.W.3d 621 (Ky. App. 2007), this appeal should be dismissed. In *Bush*, another panel of this Court explained as follows:

> The trial court herein lost jurisdiction over Appellant's case ten days after entry of the final judgment. As Appellant's motion was filed outside the three-year statute of limitations period mandated in RCr 11.42, it was insufficient to reinvested [*sic*] jurisdiction.
>
> As the trial court did not have jurisdiction to adjudicate Appellant's motion, this Court is similarly without jurisdiction to hear any appeal therefrom.

*Id.* at 623 (citations omitted).

Accordingly, we dismiss this appeal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Curtis Lee Mayes, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky